TEDDER, GEORGE W., Jr., Associate Judge.
This is an appeal from a summary judgment in favor of Defendant Appellee in a motor-scooter-automobile collision case. The parties will be referred to as they stood in the trial court.
The summary judgment was based upon the pleadings, depositions, affidavits and exhibits and was granted upon the trial judge finding that there was no genuine issue of material fact and that the minor plaintiff, John Frederick Murrell, was guilty of contributory negligence as a matter of law.
On January 1, 1962 between 10:00 and 10:30 A.M. the minor plaintiff, age IS, was operating his motor-scooter in a southerly direction on 21st Street, Southwest, in Pinellas County, Florida. At about the same time and place defendant was proceeding in an easterly direction on 15th Avenue, Southwest, in Pinellas County. The plaintiff was approaching from the left and the defendant was approaching from the right. The weather was clear and the roads were dry. The intersection was not controlled by traffic devices and both drivers were within the lawful speed limit.
The terrain bounded by the intersecting streets comprised a grassed front yard of a home. The yard was built up in a sloping manner from the streets to the home and the difference in elevation at or near the home and the curbs of the adjacent streets was approximately 3}^ feet. There is no evidence that the home itself obstructed the vision of either driver.
Plaintiff states that he does not recall at what point he looked to see any approaching traffic. He states he looked once to the right and once to the left and did not see the defendant. It is not clear how far plaintiff could see the pavement of 15th Avenue because of the contour of the yard. Plaintiff did say that the yard bounded by the streets was “banked” and that he could “hardly” see on his right side. He does not remember slowing down or applying his brakes. lie remembers seeing a car a few feet from him but does not know whether it was in front of him or to the side of him. At this point he “blacked out”, and does not remember the collision.
Defendant’s approximate speed was 20 to 25 miles per hour and she glimpsed or observed the plaintiff and his passenger when she was some 6 or 7 car lengths from the intersection. She estimates that plaintiff was farther from the intersection than she, traveling at the same speed or “perhaps a little faster”.
Defendant does not know how long she observed the plaintiff. Her version is that from practically the moment she observed the plaintiff she realized plaintiff was not going to stop and she applied her brakes, laying down 46 feet of skid marks. Defendant states she also tried to turn to the right and that plaintiff hit her car on the left front fender behind the headlight. According to defendant, her car was approximately three-quarters through the intersection when the motor-scooter and automobile collided.
As to the question of the contributory negligence of the minor plaintiff, there are genuine issues of material fact in the record. The defense of contributory negligence ordinarily presents an issue which should be resolved by a jury. The constitutional right to a jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions. City of Williston v. Cribbs, Fla., 82 So.2d 150; Drahota v. Taylor Construction Company, Fla., 89 So.2d 16; Holmes v. Forty-Five Twenty-Five Inc., Fla.App., 133 So.2d 651; Beikirch v. City *135 of Jacksonville Beach, Fla.App., 159 So.2d 898.
We consider that the summary final judgment appealed from was improvidently entered because the evidence before the Court presented issues of fact that should he presented to a jury for determination.
The .judgment must he and it is reversed and this cause is remanded.
SHANNON, Acting C. J., and ANDREWS, J., concur.