198 So.2d 837 (1967)
Nedda SUHR, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida and the Greater Miami Philharmonic Society, Inc., a Corporation of the State of Florida, Appellees.
No. 66-625.
District Court of Appeal of Florida. Third District.
May 2, 1967.
Rehearing Denied June 7, 1967.
*838 Truett & Watkins and Richard M. Winokur, Miami, for appellant.
West & Goldman, for Dade County.
Knight, Underwood, Peters Hoeveler & Pickle and William J. Flynn, Miami, for Greater Miami Philharmonic Society.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
Nedda Suhr, with several lady friends, attended a concert at the Dade County Auditorium. The attendance was large, and after the concert, the walkway around the building to the parking lot was crowded. Upon leaving the concert, Miss Suhr was crowded or pushed off the sidewalk. Her foot went into a hole immediately adjacent to the sidewalk, and she fell with resulting personal injury. She sued Dade County, the owner of the auditorium, and the Greater Miami Philharmonic Society, who presented the concert. After the taking of depositions and the filing of affidavits, the court entered a summary judgment for both defendants. This appeal is from that judgment. We reverse upon a holding that there was a genuine issue of material fact upon the issue of the defendants' compliance with their duty to provide a reasonably safe place for public entertainment.
The appellees, Dade County and the Philharmonic Society, have agreed that for the purpose of this appeal, they stand in the same relationship to the appellant. That is to say, that there is nothing in the record to refute appellant's allegation that they were the operators of a place of public entertainment and the appellant was a business invitee.
We are required to view all of the facts contained in the depositions and affidavits in the light most favorable to the appellant's case. See Beebe v. Kaplan, Fla.App. 1965, 177 So.2d 869. We must determine if there is a genuine issue of material fact in view of the admonitions in Holl v. Talcott, Fla. 1966, 191 So.2d 40, where it is pointed out that "* * * summary *839 judgment procedures should be applied with special caution in negligence actions" and that "The rule simply is that the burden to prove the non-existence of genuine triable issues is on the moving party".
It is urged with vigor that the facts conclusively show that the proximate cause of appellant's fall was not the hole near the sidewalk but the rudeness and unchivalrous conduct of the crowd. This record reveals conclusively only: (1) that appellant was pushed and (2) that she fell when her foot caught in a lawn sprinkler hole adjacent to the sidewalk. It does not show that she would have fallen regardless of the condition of the premises. Whether the appellee was negligent in placing a sprinkler hole immediately adjacent to the sidewalk, and whether the crowding and pushing after the concert were foreseeable, are both genuine issues of material fact which prohibit the granting of a summary judgment. See Foster v. Gulfstream Press, Inc., Fla.App. 1961, 134 So.2d 270.
We think that the decision in Heps v. Burdine's, Inc., Fla. 1954, 69 So.2d 340 is not determinative because in that action the complaint was dismissed due to the fact that there was no allegation that the escalator, into which plaintiff was pushed, was improperly constructed or operated. Thus, the complaint alleged no breach of a duty owed the business invitee and therefore, it could conclusively be said that under the allegations of the complaint, the unruly crowd was the sole proximate cause of plaintiff's injury. Here there are facts in the depositions and affidavits from which a jury could find that the premises were not maintained in a reasonably safe condition for the purposes for which they were used.
The facts before the trial court do not when viewed in the light of these rules, conclusively establish that the appellant's injury was not the result of the negligence of the appellees. Cf. Stock v. Gross, Fla. App. 1966, 186 So.2d 827.
It is well established that the issue of contributory negligence is ordinarily for the jury. City of Williston v. Cribbs, Fla. 1955, 82 So.2d 150; Murrell v. Vick, Fla.App. 1965, 178 So.2d 133. We cannot say that appellant was proved to be contributorily negligent as a matter of law because she did not wait until the crowd had thinned.
Reversed and remanded.
BARKDULL, Judge, dissents.