CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in a negligence action has appealed from a final summary judgment entered by the Gadsden County Circuit Court granting the defendant’s motion for a summary judgment on the ground that the plaintiff was contributorily negligent as .a matter of law.
The basic question presented for our determination in this appeal is whether, in view of the evidence before the court at the hearing on the said motion, the plaintiff was guilty of contributory negligence as a matter of law and, if so, whether the defendant was entitled to a summary judgment pursuant to the rules established in this state governing the entry of such judgments.
Briefly stated, the evidence before the court at the hearing on the defendant’s motion for a summary judgment, as to the issues of the defendant’s negligence and the plaintiff’s contributory negligence, was substantially as follows:
On the date of the collision in question, the plaintiff, then an unmarried woman, was living with her parents in a rural community in Gadsden County known as “Dogtown.” She was employed by a jew *587 elry store in the .adjoining county of Leon, in the City of Tallahassee, working until 6 o’clock p.m. five days a week, including the date in question. At appoximately 6:30 o’clock p.m. on that date, while she was driving her automobile from work to her parents’ home, her car collided with a diesel tractor being operated by an em-' ployee of the defendant on a “country road” in Gadsden County.
Immediately before the collision, and unknown to the plaintiff, an employee of the defendant was operating a diesel tractor with a sweeper broom attachment to remove dry dirt from the surface and shoulder of the road in order to prepare the road for resurfacing and widening. About two feet of a four-foot-wide cylindrical sweeper broom would normally be sweeping on the dry dirt shoulder of the road.
At the time of the collision a flagman, employed by the defendant to warn oncoming traffic, was sitting on the rear left hand fender of the tractor as the broom was sweeping dirt. While the flagman’s testimony was contradictory, he testified that the sweeping operation created “a pretty good bit” of dust and that “sometimes it was pretty thick.” The flagman further testified that he heard the plaintiff’s car coming, and then, after a cloud of dust “come by and parted and I saw it coming then, I saw the car was gonna hit.”
The plaintiff testified in her deposition that she did not notice the tractor until the collision; that she had travelled through a dip, or depression, in the road and, after coming up from the dips, she first noticed the dust or a dust cloud, which was not very far from her car at the time, but she was unable to explain why she did not see the dust before she entered the dip; and she testified that her car had penetrated the thick dust “approximately a few feet” before the impact.
Immediately prior or simultaneous to the plaintiff’s car’s entering the dust cloud, an oncoming car, after passing through the same cloud, passed the plaintiff’s car.
When the plaintiff’s car came out of the dip into the road, she was travelling at a speed of approximately 35 to 40 miles an hour. She applied her brakes to slow down as she came out of the dip, because the dust cloud was “quite wide” and “was very thick.”
The plaintiff further testified in her deposition that she was familiar with the road in question prior to the collision, having driven on it twice daily to and from her work in Tallahassee; that the only construction sign she had ever noticed on this road was located about two miles from the scene of the collision, advising: road under construction — reduce speed, but she had never seen any construction equipment on the road prior to the collision.
On the basis of the foregoing evidence the court held in the final summary judgment appealed from that the plaintiff was guilty of contributory negligence as a matter of law and hence barred from recovering damages against the defendant in this negligence action.
In order to test the validity of that summary judgment, we must examine it in the light of the rules established in this state as governing the entry of summary judgments under our procedural rules.
The key provision of Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., relating to summary judgments, reads as follows : Upon the hearing of a party’s motion for a summary judgment: “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
As we have noted in several decisions, the structure of the quoted provision indicates that there are two conditions precedent to the entry of a summary judgment under the rule: (a) that there is no genuine issue as to any material fact shown by the mentioned pleadings, depositions, answers *588 to interrogatories, admissions on file, and affidavits; and (b) that the moving party is entitled to a judgment as a matter of law.
The basic rules governing the entry of summary judgments, as established by court decisions in this state, are as follows:
A cardinal principle, recognized and applied in innumerable Florida cases, is that, in the consideration of a motion for a summary judgment under the said rule, all doubts and inferences as to factual matters must be resolved against the party making the motion. See Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953), and Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.App. 1960). In the Williams case, supra, the Supreme Court of Florida further held:
“The right to a jury trial is a very sacred part of our system of jurisprudence and, while we have held that the granting of a summary judgment does not infringe upon such constitutional right, that very holding carries with it the idea that such judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. To put it another way, such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.”
The following rule was recognized and applied by the District Court of Appeal, Second District of Florida, in the Majeske case, supra:
“The burden is upon the party moving for a summary judgment. Such party must make it appear that he is entitled to a judgment as a matter of law. Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover.”
Another important principle recognized by our courts is that a summary judgment may not properly be entered even though the evidence is uncontradicted — if that evidence is reasonably susceptible of conflicting inferences of fact. See our decisions in Smith v. City of Daytona Beach, 121 So.2d 440 (Fla.App. 1960), Pan American Distributing Co. v. Sav-A-Stop, Inc., 124 So.2d 753 (Fla.App. 1960), Pollock v. Kelly, 125 So.2d 109 (Fla.App. 1960), and Hughes v. Jemco, Inc., 201 So.2d 565 (Fla.App. 1967).
In reviewing the decisions in this state, we note that some of the most perplexing problems confronting the courts in regard to the application of the summary judgments rule have arisen in negligence actions. In resolving such problems the Florida appellate courts have held that ordinarily the issues of negligence and contributory negligence should be resolved by the jury rather than be finally disposed of by the court in a summary judgment proceeding.
For instance, the Supreme Court of Florida said the following in Drahota v. Taylor Construction Co., 89 So.2d 16 (1956), in which case a summary judgment had been entered by the lower court for the defendant in a negligence action:
“In City of Williston v. Cribbs, Fla., 82 So.2d 150, we pointed out that the defense of contributory negligence ordinarily presents an issue which should be resolved by the jury. The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions. See Smith v. Poston Bridge & Iron, Inc., Fla., 87 So.2d 581; National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741.”
In Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (Fla.App. 1961), the District Court of Appeal, Third District of *589 Florida, quoted the second sentence of the above quotation in the Drahota decision and then related the view expressed therein to negligence actions, as follows:
“Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, ‘doubt * * * should always be resolved in favor of a jury trial.’ Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490, 492.”
In the Bess case, just cited, involving a summary judgment, the Florida Supreme Court said:
“We feel this to be case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial.”
Applying the foregoing established rules to the evidence before the Circuit Court in the present case at the hearing on the defendant’s motion for a summary judgment, we do not believe that the court correctly held that there is no genuine issue of the material fact as to whether the plaintiff was guilty of negligence that proximately contributed to her injuries or correctly held that the defendant was entitled to a summary judgment as a matter of law. As we observed earlier in this opinion, both of such holdings constitute the necessary prerequisite to the entry of a summary judgment under our summary judgment rule.
No rule is more firmly established in the negligence law of this state than that the negligence of a plaintiff, in order to bar his recovery against a negligent defendant, must proximately contribute to the plaintiff’s injuries; but, without such proximate causation, the plaintiff’s negligence does not constitute such a bar.
Examining the evidence before the court at the said hearing in the case at bar, we must candidly concede that the jury could have reasonably found, as the triers of the facts, either way on the issues of the plaintiff’s contributory negligence and its proximate contribution to her injuries. But those were issues of fact for the sole determination of the jury, not issues to be summarily disposed by the court as a matter of law. Neither a trial court nor an appellate court has the authority to disregard the constitutional right to a jury trial and dispose of questions of fact as questions of law in a summary process like that provided for in Rule 1.510, quoted from above.
The record before us presents almost a classic case for demonstrating the limitations upon the power of the trial and appellate courts in the determination of issues of facts in actions at law. The summary judgment procedure serves a highly useful service in the administration of justice when a summary judgment is entered in accordance with the foregoing rules.
In support of the plaintiff’s contention that reasonable men on a jury could legally conclude from the evidence in this case that she was not guilty of negligence proximately contributing to her injuries, the plaintiff suggests in her brief that such jurors could properly consider the following factual questions raised by the evidence: whether the “ordinary reasonable prudent driver” would expect danger in penetrating the dust cloud when an oncoming automobile had just passed through the same dust cloud; would such a driver expect road equipment working on the road at 6:30 o’clock p.m., past normal working hours, when no road equipment had been observed on the road prior to the collision; would such a driver suspect that the dust cloud was man-made or wind-swept when there was no appropriate warning device, such as a flagman outside the periphery of the dust cloud; whether such a driver’s relatively low speed at the moment of penetrating the dust cloud indicates appropriate caution on her part; what effect should the posted road sign have upon the mind of such a driver, when the sign was posted two miles from the collision scene some days prior to the initiation of construction and construe *590 tion activity and equipment had not been previously noticed upon the road; and how did the dip, or depression, in the road affect the plaintiff’s vision.
We agree with the plaintiff’s contention that the foregoing questions are among the questions which a reasonable man on the jury would be likely to consider before determining whether the plaintiff was guilty of negligence proximately contributing to her injuries. That question of fact, therefore, was solely for the determination of the jury, and not for the determination of the court as a question of law through the entry of a summary judgment.
For the foregoing reasons, the final summary judgment appealed from herein must be, and it is, reversed, and the cause is remanded with instructions for further proceedings consistent with the views here-inabove set forth.
Reversed and remanded with instructions.
RAWLS and JOHNSON, JJ., concur.