WALDEN, Judge.
Della and William Lescrynski, plaintiffs below, were pruning trees on defendant Middlebrook’s rental property. William cut a large limb but it lodged in a fork of the tree. He offered to kick it loose while balancing on a ladder.
Della was concerned for her husband’s safety, so she volunteered to steady the ladder. The limb dislodged, striking Della’s head and causing the injuries complained of.
Della and William sued defendant, claiming negligence in his active supervision, failure to properly warn of danger and utilization of inadequate equipment and personnel for the specialized job.
Defendant denied negligence and affirmatively alleged contributory negligence and assumption of risk. Summary judgment was awarded in defendant’s favor. We reverse.
The facts are in massive conflict. For instance, defendant claims he was a mere spectator for only one minute before the accident. Plaintiffs say he was actively supervising for approximately three hours.
In summary judgment law all facts and inference are to be resolved *216 against the moving party. He had the burden of proving the nonexistence of material, genuine fact issues. Further, summary judgment procedures should be cautiously applied in negligence cases. Stephens v. Moody, Fla.App.1969, 225 So.2d 586; Holl v. Talcott, Fla.1966, 191 So.2d 40; Suhr v. Dade County, Fla.App.1967, 198 So.2d 837.
Additionally, contributory negligence and assumption of risk are ordinarily issues for jury determination. Generally the serious posing of such defenses would preclude summary judgment. Koven v. Owens, Fla.App.1964, 163 So.2d 311; Beikirch v. City of Jacksonville Beach, Fla.App.1964, 159 So.2d 898; Allen v. Kamp’s Beauty Salon, Inc., Fla.App.1965, 177 So.2d 678 and Suhr v. Dade County, supra.
We hold that the critical discrepancies in the deposed testimony of the parties, plus the affirmative defenses raised, necessite resolution through a full trial. We reverse and remand for that purpose.
Reversed and remanded.
REED, C. J., and MAGER, J., concur.