WALDEN, Judge.
Trip and fall case. Summary final judgment for defendants. We reverse. There are genuine material issues.
Mrs. Luckey, a plaintiff, was a business invitee. She tripped and fell upon entering the doorway of Jet News Stand, a business concession located inside the McCoy Jet Port in Orlando. The usual issues of negligence and contributory negligence were framed in the pleadings and, as stated, the trial court disposed of them via summary judgment in favor of defendants.
As reflected in the photographs, the front of the stand consists of glass with merchandise on display and racks of merchandise of various kinds visible in the interior. The entrance-way doors were of the sliding glass variety, which opened and shut along the course of a narrow metal track fastened to the top of the floor. The track extended across the whole width of the doorway floor. It was elevated a heighth of % inch more or less over the balance of the floor space. The doors were opened at the time of the accident, thereby exposing the raised track.
Mrs. Luckey, age 62, spotted an item while outside the stand and, upon entering to purchase it, she tripped upon the raised metal track, fell and was injured.
*100 How about defendant’s negligence? The jury would be fully authorized in finding that the maintenance of the mentioned raised metal track across the width of the doorway in the way of each customer’s traverse into and out of the business premises constituted negligence.
The jury could well have determined, for instance, that defendant’s failure to warn or post warning signs was negligent; that the maintenance of the doors and track of this design as opposed to others with no such impediment was negligent. It could have found that the track should have been recessed to floor level or removed when the doors were open; or, that the floor should have been painted in attention-getting colors in order to direct attention to the danger. Mrs. Luckey, as an invitee, could and should expect the premises she entered to be made reasonably safe for her. She is owed this duty by the storekeeper. Lunney v. Post, Fla.App.1971, 248 So.2d 504; Winn-Dixie Stores, Inc. v. Miller, Fla.App.1969, 220 So.2d 680; Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780; Schatz v. 7-Eleven, Inc., Fla.App.1961, 128 So.2d 901.
How about Mrs. Luckey’s contributory negligence? The jury could have found that she had a right not to expect an obstruction of this kind in the middle of the doorway to a business open to the public and, hence, without the existence of a warning sign she was under no duty to scrutinize the doorway floor upon entering. One is not required to guard against danger in places where it is not expected to be. Matthews v. Lawnlite Company, Fla.1956, 88 So.2d 299.
Further, under the facts of this case the distraction theory could have been applicable and excused her failure to see the doorway track, because of her view being fixed on the merchandise offered for sale. Deane v. Johnston, Fla.1958, 104 So.2d 3; Maximo Moorings Marine Center, Inc. v. Walke, Fla.App.1967, 196 So.2d 215. Finally, contributory negligence in such cases has been traditionally held to be for jury evaluation. Lescrynski v. Middlebrook, Fla.App.1972, 260 So.2d 215; Suhr v. Dade County, Fla.App.1967, 198 So.2d 837; Koven v. Owens, Fla.App.1964, 163 So.2d 311; Beikirch v. City of Jacksonville Beach, Fla.App.1964, 159 So.2d 898.
There are genuine issues of triable material facts and the case should not have been determined short of jury trial. Rule 1.510, Fla.R.Civ.Proc., 31 F.S.A., and Holl v. Talcott, Fla.1966, 191 So.2d 40.
The judgment is reversed and the case remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, C. J., concurs.
MAGER, J., dissents, with opinion.