PER CURTAM.
This is an appeal from an award of final summary judgment in a wrongful death action. We feel, based on the conflicting inferences and allegations of fact, that summary judgment was premature. We therefore reverse.
Milton Lady was repairing his personal car in Randy Griffin’s gas station. Griffin had given Lady permission to use his equipment, including a large pneumatic bumper jack. Lady jacked up his car and was working underneath it when the jack, for some unexplained reason, shot out from underneath causing the car to fall on Lady, killing him.
Numerous affidavits were available to the court; both lay and expert witnesses testified that the jack was of sound construction and worked properly. Different lay and expert witnesses testified concerning the jack’s propensity to malfunction and concerning its unstable and dangerous characteristics of construction.
There is also an issue presented whether Lady was contributorily negligent in not following safety procedures which were outlined to him by Griffin.
In our opinion the defendant did not sustain the burden under Holl v. Talcott, Fla.1966, 191 So.2d 40, of overcoming all reasonable inferences that there were no genuine material fact issues. Further, as this court recently said in Lescrynski v. Middlebrook, Fla.App.1972, 260 So.2d 215, “Summary judgment procedures should be cautiously applied in negligence cases.” See also Stephens v. Moody, Fla.App.1969, 225 So.2d 586, and Suhr v. Dade County, Fla.App.1967, 198 So.2d 837. It is also axiomatic that if there are issues of fact and the slightest doubt remains, summary judgment cannot be granted. Torrence v. Sacred Heart Hospital, Fla.App.1971, 251 So.2d 899.
Additionally, the serious posing of the defense of contributory negligence usually would preclude the issuance of summary judgment. See the cases mentioned in Lescrynski v. Middlebrook, supra.
We hold that there were critical discrepancies in the affidavits presented. These discrepancies involve the material issues of negligence, faulty construction and contributory negligence. Therefore, this cause is reversed and remanded for a full trial on these issues, and consistent with these theories.
Reversed and remanded.
REED, C. J., and WALDEN and CROSS, TJ., concur.