312 So.2d 518 (1975)
Berona LEON, a Married Woman, and Gustavo Leon, Her Husband, Appellants,
v.
CITY OF MIAMI, a Municipal Corporate Subdivision of Dade County, Florida, Appellee.
No. 74-1123.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
*519 Jack J. Weiss and Richard Blank, Miami, for appellants.
John S. Lloyd, City Atty., and Montague Rosenberg, Asst. City Atty., for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
Berona Leon and Gustavo Leon, her husband, appeal from a summary judgment in favor of the defendant, City of Miami, in an action for damages arising out of a fall which Mrs. Leon alleges she sustained when she caught her foot in a hole in a sidewalk within the city limits of Miami.
The question in this case is whether or not there is a genuine issue of material fact as to the negligence of the City of Miami. On appeal from a summary judgment, we are required to view all of the facts contained in the depositions and affidavits in the light most favorable to the appellant's case. Holl v. Tolcott, Fla. 1966, 191 So.2d 40. We must determine whether there is a genuine issue of material fact in view of the admonitions in Holl v. Talcott, wherein it is stated that "... summary judgment procedures should be applied with special caution in negligence actions ..." and that "... the rule simply is that the burden to prove the non-existence of genuine triable issues is on the moving party." See Lady v. Griffin, Fla.App. 1972, 264 So.2d 436.
The general rule in Florida is that while a city is not an insurer of the motorist or the pedestrian who travels its streets and sidewalks, City of St. Petersburg v. Roach, 1941, 148 Fla. 316, 4 So.2d 367, it is, of course, responsible for damages resulting from defects which have been in existence so long that they could have been discovered by the exercise of reasonable care, and repaired. Mullis v. City of Miami, Fla. 1952, 60 So.2d 174, 176.
Evidence adduced at the hearing on summary judgment included a photograph of the sidewalk on which Mrs. Leon allegedly fell. The photograph was the only evidence presented which would show that the city knew or should have known of a defect in the sidewalk. However, it does constitute tangible evidence of the scene sufficient to raise an inference as to the length of time the defect was present, which is a jury question. If reasonable men might make justifiably different inferences and deductions and reach different conclusions from certain photographs, then it is the province of the jury to make such deductions and inferences. See Pividal v. *520 City of Miami, Fla.App. 1958, 105 So.2d 502.
The mere fact that Mrs. Leon did not see the hole in the sidewalk prior to her fall, does not in itself absolve the City of Miami from negligence. It is well established that the issue of plaintiff's own negligence is ordinarily for the jury. Suhr v. Dade County, Fla.App. 1967, 198 So.2d 837.
On the evidence presented in the record on appeal, the issues of negligence and contributory negligence could not properly be resolved by the trial court on motion for summary judgment as jury questions were posed and appellee was not entitled to judgment as a matter of law.
Reversed and remanded for further proceedings consistent herewith.