351 So.2d 29 (1977)
Helen E. WILLS and Howard A. Wills, Her Husband, Petitioners,
v.
SEARS, ROEBUCK & COMPANY, Respondent.
No. 50255.
Supreme Court of Florida.
September 8, 1977.
Rehearing Denied November 14, 1977.
Harvey M. Goldstein of Goldstein & Goldstein, Miami, for petitioners.
Robert J. Schaffer of Helliwell, Melrose & DeWolf, Miami, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 336 So.2d 1190, which affirmed per curiam without opinion an order of the trial court granting summary judgment to respondent, Sears, Roebuck & Company. The present decision is alleged to be in conflict with Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966), and other decisions setting forth the law applicable to summary judgment, which states that grant of summary judgment is improper if there is any genuine issue as to material fact. Because the record proper in this cause reflects conflict in decision between this case and those cited, we have jurisdiction. Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965); Article V, Section 3(b)(3), Florida Constitution.
Petitioners filed a complaint alleging that Mrs. Wills was seriously injured while shopping at respondent's store. Specifically, she stated that she entered the store to purchase a "banana" seat for her bicycle and, at the instruction of one of the respondent's employees, attempted to mount a demonstration bicycle provided by respondent for customers such as herself. She further alleged *30 that respondent created a dangerous condition by placing the demonstration bicycle in a display area upon a carpet tacked down and secured in place by a metal rim running the circumference of the carpeted area. As a result of this negligent design and placement of the metal rim, and because of the failure of respondent to warn her of this dangerous condition, petitioners claim she fell when her foot slipped on the metal rim while she attempted to mount the demonstration bicycle. Respondent, in its answer, specifically denied that Mrs. Wills mounted the demonstration bicycle at the instruction of one of respondent's employees. Further, respondent alleged that Mrs. Wills was herself negligent and voluntarily assumed a known risk in attempting to mount the bicycle while wearing a dress. In so doing, she directly and proximately caused her own injuries, thereby barring her recovery. Alternatively, Sears alleged that Mrs. Wills' negligence at the least substantially contributed to her injuries. Thus, her damages, if any, should have been reduced by the amount of her own negligence. Petitioners denied these affirmative defenses. Respondent then made a motion for summary judgment arguing there existed no genuine issues as to any material fact, and consequently, Sears was entitled to judgment as a matter of law. Based on the pleadings, respondent's own answers to petitioners' interrogatories, and photographs, not in the court file but presented to the judge at the time of the hearing, the trial court granted respondent's motion for summary judgment but did not set forth any reasons for doing so. Petitioners filed a motion for rehearing and attached thereto an affidavit in which Mrs. Wills explained in greater detail the assertions of respondent's negligence as set forth in her original complaint. However, the trial court denied this motion for rehearing, again without stating any reasons therefor. After the District Court of Appeal, Third District, per curiam affirmed without opinion, petitioners sought review in this Court.
Petitioners now assert that the trial court erred: (1) in ordering summary judgment in favor of respondent, since respondent failed to sustain its burden of clearly demonstrating the absence of any genuine issues of material fact; (2) in granting summary judgment for respondent based on respondent's own answers to the petitioners' interrogatories; and (3) in failing to grant the petitioners' motion for rehearing. Because we believe that there were unresolved genuine issues of material fact present sub judice, even in view of the respondent's answers to interrogatories and the photographs considered by the court, it is unnecessary to consider the arguments of petitioners as to the propriety of basing a summary judgment thereon. Nor need we determine the issue raised concerning denial of rehearing.
A party moving for summary judgment must meet a twofold requirement:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits [in support or opposition, or both], if any, show [1] that there is no genuine issue as to any material fact and [2] that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c).
In order to carry its burden as to the first of these requirements, the movant must show conclusively the absence of any genuine issue of material fact, Visingardi v. Tirone, supra; Holl v. Talcott, supra. The Holl court additionally stated that the burden on parties moving for summary judgment is greater than the burden which the plaintiff must carry at trial, because the movant must prove a negative  the nonexistence of a genuine issue of material fact. Id. at 43. Movant's burden is even more onerous in negligence actions where summary judgment procedures historically have been employed with special care. Holl v. Talcott, supra; Stephens v. Moody, 225 So.2d 586 (Fla.1st DCA 1969); Maury v. City Stores, Inc., 214 So.2d 776 (Fla.3d DCA 1968); Suhr v. Dade County, 198 So.2d 837 (Fla.3d DCA 1967). The necessity for exercise of such caution is emphasized by virtue of this Court's adoption of comparative negligence, Hoffman v. Jones, 280 So.2d 431 *31 (Fla. 1973), and its recent abolition of assumption of risk as an absolute defense, Blackburn v. Dorta, 348 So.2d 287, (Fla. 1977). Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor.
Respondent argues that when a movant refutes the material factual issues raised in the complaint and shows the nonexistence of a genuine issue as to any material fact, summary judgment is proper if the opposing party merely stands upon the allegations of the complaint and fails to present anything to show a disputed issue of fact. While we agree with this statement of law, we find it inapplicable to the instant cause where respondent has initially failed to meet its task of proving the requirements of Fla.R.Civ.P. 1.510(c). Croft v. York, 244 So.2d 161, 163-64 (Fla.1st DCA 1971), cert. denied, 246 So.2d 787 (Fla. 1971).
In the instant case, there were genuine issues of material fact. Petitioners assert in their complaint that a Sears' employee instructed Mrs. Wills to mount the demonstration bicycle. Respondent directly controverts this fact by answering that no employee gave petitioner Helen E. Wills any such instruction. Petitioners allege in their complaint that Sears' bicycle demonstration area was negligently designed and maintained. Respondent's answer adamantly denies this allegation. Given the above pleadings, it is apparent that genuine issues of material fact are in dispute. Did respondent's answers to interrogatories propounded by petitioners resolve the disputed issues incontrovertibly in favor of respondent so as to eliminate all genuine issues of material fact? An examination of the pertinent interrogatories and answers discloses they did not.
13. Please state the dates for a period of one year prior to February 2, 1974, that anyone enumerated in answer to Interrogatory number 12, or any persons known to the Defendant, inspected for safety and maintenance purposes, the area within the Sears and [sic] Roebuck & Company Store located at Cutler Ridge, Dade County, Florida, where Defendants employees were required to be in the performance of their duties, including the area in said store where plaintiff allegedly was injured on February 2, 1974.
Daily inspection by store staff and department manager
* * * * * *
14. How many men were employed for maintenance purposes by the Defendant at the Sears, Roebuck & Company Store, Cutler Ridge, Dade County, Florida, on an average day during the year preceding February 2, 1974.
17-18
a. How many men were employed for maintenance purposes by the Defendant at the above store on February 2, 1974.
approximately 17
* * * * * *
18. Please describe as completely as possible the lighting conditions at the time and place of the occurrence alleged by Plaintiff in this cause.
Excellent, overhead florescent [sic], same today as on date of alleged incident.
* * * * * *
28. Please describe in detail just what the Defendant, its agents and/or employees did if anything, in an attempt to avoid the alleged accident herein complained of.
Bikes displayed on all-weather carpeting, rubber rim to carpet, non-skid floor wax on surrounding area, kickstands provided and in use on all bikes in display area.
29. Please state the signals or warnings that were made or given by the Defendant, its agents, and/or employees to the Plaintiff prior to the time of the alleged accident?
None, because the plaintiff was by herself.
* * * * * *
*32 The answer to Interrogatory 13 regarding safety and maintenance inspections does not conclusively obviate the allegations in the complaint that the demonstration area was negligently designed and created nor that it was improperly maintained at the time of the alleged accident. The response to Interrogatory 14.a. does not refute petitioners' allegation that the demonstration area was improperly maintained at the time of the accident. The response to Interrogatory 18 does not bear on the allegation of improper design and maintenance of the demonstration area. The answer to Interrogatory 28 does not meet the burden of refuting, for summary judgment purposes, the allegation of ultimate fact to the effect that the demonstration area, together with the placement of the bicycle therein, was negligently created, designed, and laid out. The response to Interrogatory 29 tends to refute the allegation that Mrs. Wills was instructed by an employee to mount the bicycle, but even if deemed to conclusively refute that allegation, it eliminates only one issue of fact upon which liability could be predicated.
Respondent contends in its brief, that, nonetheless, summary judgment was properly entered because the design and condition of the demonstration area was not the proximate cause of the injury. Rather the act of Mrs. Wills in attempting to mount the demonstration bicycle while clothed in a dress was the sole proximate cause of her injuries. In paragraphs 7 and 8 of their complaint, petitioners alleged to the contrary. Suffice it to say that such a question of causation has traditionally, and quite properly, been one for the jury. The showing by respondent was not so conclusive on this issue as to take it from the jury.
Mindful as we are of the presumption of correctness which attaches to an order of the trial court, nevertheless we must draw every possible inference in favor of the party against whom the motion is made. First Realty Corp. v. Standard Steel Treating Co., 268 So.2d 410, 413 (Fla.4th DCA 1972). Accordingly, we find that respondent has not carried its burden of showing conclusively that there was no genuine issue as to any material fact. The petition for certiorari is granted, and the decision of the District Court of Appeal, Third District, is quashed with directions to remand to the trial court for proceedings not inconsistent with this opinion.
It is so ordered.
ADKINS, BOYD and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.