FRANK D. UPCHURCH, Jr., Judge.
The Thompsons appeal from a final summary judgment in favor of attorney Peter Niles, whom they sued for legal malpractice. We reverse.
Mrs. Thompson was injured on July 11, 1979, when she sat on a protruding upholstery tack in a chair manufactured by Dutchess Furniture Division of National Services Industries, Inc. The injury occurred at her place of employment in Tennessee. The Thompsons are now residents of Florida.
In their complaint, the Thompsons alleged that they retained Niles to represent them in the personal injury action and that Niles negligently failed to file suit within Tennessee’s one year statute of limitations. Niles ultimately moved for summary judgment, alleging, in essence, that his failure to file suit was not the proximate cause of the Thompsons’ loss. Niles alleged that the statute of limitations had not run in a number of forums where suit could have been *37 brought at the time the Thompsons discharged him on April 13, 1981. Niles averred that National Services had its corporate offices and headquarters in Atlanta, Georgia, and that the Thompsons could have brought suit there up to July 11, 1981, because Georgia has a two-year statute of limitations.
We conclude that Niles failed to establish that there were no genuine issues of material fact and that he was entitled to a judgment as a matter of law. Therefore, the entry of summary judgment was error. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla.1977). There was no showing that National Services, a Delaware corporation, would be amenable to suit in Georgia for an injury to a non-resident which had occurred in another state. Niles did not allege that National Services and Dutchess Furniture Division were the same entity or explain why National Services would be liable for the acts or omissions of Dutchess. The affidavit of Niles merely alleged that Dutchess was a “division” of National Services.
REVERSED.
COBB and COWART, JJ., concur.