ZEHMER, Judge.
The Hartford Accident and Indemnity Company (Hartford) appeals a final summary judgment entered upon the trial court’s ruling that an oral settlement agreement Hartford sought to enforce against appellees violated the statute of frauds. We reverse and remand for resolution of disputed factual issues.
On January 12, 1978, appellant filed a complaint' against John G. Lane Lines (Lane Lines) seeking to collect premiums on several insurance contracts in which the named insureds were Lane Lines and L & T, Inc., Ajax Truck Rentals, Inc., and Beaver Tire Company (appellees). In November 1980, an oral settlement agreement was reached between Hartford and Lane Lines. Hartford claims that the settlement agreement obligated Lane Lines and appel-lees, jointly and severally, to pay $72,500 in full satisfaction of the outstanding premiums owed to Hartford and required, in addition, that appellees execute real estate mortgages and personal property security interests in favor of Hartford to secure the agreed payment.
Appellees, although not subsidiaries, were affiliated with Lane Lines, and Bruce Tyndall was president of each corporate entity. Hartford claims that its attorney made the settlement agreement with counsel for Lane Lines, that the agreement was reduced to writing, including notes for the $72,500, with separate signature lines for each appellee, and that Tyndall met with Hartford’s counsel and approved the agreements and notes as written. Tyndall did not sign the documents at that time because his counsel was not present. Nevertheless, pursuant to the agreement, Lane Lines paid the initial $12,500 down payment and six monthly payments. Lane Lines then filed for bankruptcy.
The settlement agreement provided that the trial court would retain jurisdiction to enforce it, so the pending action against Lane Lines was never dismissed. After Lane Lines defaulted, Hartford filed a motion to amend the complaint in that action adding appellees as parties and seeking specific performance of the oral settlement agreement, alleging that appellees were parties to it and jointly and severally liable for the remainder due.
Appellees filed a motion for summary judgment on the grounds that (1) Lane Lines is the only corporation bound by the oral settlement agreement, so appellant is attempting to hold appellees responsible for the debt of another in violation of the statute of frauds, section 725.01, Florida Statutes; and (2) the oral settlement agreement is invalid as an attempt to orally encumber real and personal property, in violation of the statute of frauds, sections 679.203 and 689.01, Florida Statutes.
In opposition to the motion for summary judgment, Hartford’s attorney handling the settlement filed an affidavit stating that the unexecuted written settlement agreement was a true representation of the oral settlement agreement made with Norwood S. Wilner, attorney for Lane Lines and appellees, and that the written settlement agreement was approved and ratified by Bruce Tyndall, president of Lane Lines and appellees, although not signed by him.
Final summary judgment was entered for appellees on the grounds that the oral settlement agreement violates the above-cited sections of the statute of frauds in that it attempts to hold appellees responsible for the debt of another and attempts to enforce an oral agreement to encumber real and personal property. This appeal ensued.
Initially, we note that Hartford has conceded that those portions of the settlement agreement requiring the execution of mortgages and security interests fall within the statute of frauds, necessitating a written instrument. Perimeter Investments, Inc. v. Amerifirst Development Co. of Central Florida, Inc., 423 So.2d .586 (Fla. 1st DCA 1982). Accordingly, we are concerned only with determining whether summary judgment was proper as to appellees’ liability for payment of the balance due under the oral settlement agreement.
*1076 In reviewing a summary judgment case, we must construe all facts and inferences drawn therefrom in a light most favorable to appellant. Groner-Youngerman, Inc. v. Denison, 117 So.2d 210 (Fla. 2d DCA 1960). Courts generally hold a party moving for summary judgment to a strict standard, closely scrutinizing the pleadings and affidavits supporting his position, while the pleadings and affidavits of the opposing party are leniently treated. Groner-Youngerman, Inc. v. Denison, supra. If the party seeking summary judgment fails to meet his burden of showing the nonexistence of material disputed facts, an appellate court will reverse a summary judgment entered by the lower court. Suhr v. Dade County, 198 So.2d 837 (Fla. 3d DCA 1967).
Initially, appellees argue they could not have been parties to the settlement agreement because they were not defendants in the lawsuit. It is, of course, well known that disputes are often settled without resort to judicial action. The mere fact that appellees were not named defendants in the lawsuit does not necessarily mean they were not parties to the settlement agreement which, according to Hartford, settled a dispute concerning their joint and several obligation to pay the insurance premiums. Whether appellees bound themselves to the oral settlement agreement is clearly a disputed issue of material fact. Hartford’s attorney filed an affidavit stating that the settlement agreement was agreed to by counsel for appellees and by the president of appellees. Appellees’ president has denied this. This factual dispute precludes summary judgment.
There is also an issue of fact as to whether appellees agreed to be jointly and severally liable for payment of $72,500 or simply agreed to execute real estate mortgages and personal property security interests to secure payment of that agreed-upon amount. The body of the unexecuted written settlement agreement refers only to Lane Lines as agreeing to pay the $72,500, but the promissory note attached as exhibit A to the agreement indicates that appellees are joint obligors on the note.
Appellees contend that since Lane Lines alone obtained the insurance policies from Hartford, it was solely responsible for payment of the premiums, and they argue that they were never primarily liable to pay the premiums, even though included as named insureds under the policies. For this reason, appellees argue, the oral settlement agreement was nothing more than a promise that they would answer for the debt of another, i.e., Lane Lines. We do not agree that this question is so clear that it may be disposed of as a matter of law. As a general rule, a party who accepts the benefits of a contract cannot escape its burdens, so that a named insured included on a policy at the request of another named insured becomes obligated to pay the premiums by accepting coverage under the policy. Smith v. Edward M. Thompson Agency, Inc., 430 So.2d 859 (Ala.1983). Therefore, there was at least a prima facie legal obligation on the part of appellees to pay the premiums when the settlement agreement was made, contrary to the conclusion of the court below that only Lane Lines was obligated for the premiums. We leave open to the parties the opportunity to introduce evidence to show by agreement or course of conduct that appellees werenot intended to be responsible for premiums on the insurance policies or did not, in fact, ever accept coverage under the policies so as to become obligated to pay the premiums.
Finally, we note appellees’ argument that even if they were liable for premiums on the insurance policies at the time the settlement agreement was made, the statute of limitations had run and barred recovery of that debt from them. Therefore, they argue, the agreement was not supported by consideration and was unenforceable as a matter of law. Whether the statute had run is also a question of disputed fact. But even if the statute of limitations had run when the settlement agreement was reached, the underlying debt owed by ap-pellees was not extinguished thereby. The *1077 statute of limitations defense simply enables appellees to confess and avoid a legal action based upon the debt; it does not impair the underlying obligation. Martz v. Riskamm, 144 So.2d 83 (Fla. 1st DCA 1962).
The summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHIVERS and THOMPSON, JJ„ concur.