PER CURIAM.
Defendants Elba Marie Valle and Elba N. Valle appeal an adverse partial summary judgment determining liability in favor of plaintiff Terry Childs. We reverse.
Elba Marie Valle was traveling in the center lane of a three lane, one-way street. She attempted to make a left hand turn from the center lane, a concededly negligent act. At the time Valle made her impermissible left turn, Childs was overtaking Valle on a motorcycle in the left hand lane. Childs’ motorcycle struck Valle’s car and Childs was injured.
Childs brought suit against Elba Marie Valle and Elba N. Valle, the owner of the car which Elba Marie was driving, and moved for summary judgment on liability. The effect of the ruling was to hold not only that Valle was negligent, which is undisputed, but that there was no comparative negligence on the part of Childs.
The facts of record indicate that Valle had stopped her vehicle at a traffic light and was moving slowly when she made the left hand turn. Childs was overtaking Valle on a motorcycle, going 20-25 miles per hour. Although he was overtaking Valle in the next lane, he testified that he did not see Valle’s vehicle at all until she turned into his lane.
It is axiomatic that the burden is on the movant for summary judgment to demonstrate the nonexistence of any disputed issue of material fact. E.g., Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla.1977). At this stage we do not think that plaintiff has carried his burden of demonstrating the absence of any material issue on the question of whether the plaintiff was comparatively negligent, that is, whether *479 Childs was inattentive and whether Childs had the opportunity to take any evasive action. See Red Top Sedan v. Applebaum, 495 So.2d 786 (Fla. 4th DCA 1986); Linguist v. Boyd, 473 So.2d 22 (Fla.3d DCA 1985). The order under review is reversed and the cause remanded for further proceedings consistent herewith.