840 So.2d 412 (2003)
Isis CASTANO, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 3D02-1639.
District Court of Appeal of Florida, Third District.
March 19, 2003.
*413 Michael Garcia Petit, Miami, for appellant.
Alejandro Vilarello, City Attorney, and Regine Monestime, Assistant City Attorney, for appellee.
Before GODERICH and GREEN, JJ., and NESBITT, Senior Judge.
GODERICH, Judge.
The plaintiff, Isis Castano, appeals from an adverse final judgment. We reverse and remand for a new trial.
In the underlying action, the plaintiff alleged that she fell and injured her knee when the heel of her shoe became wedged between the broken tiles of a sidewalk maintained by the City of Miami [the City]. The plaintiff filed suit against the City alleging that it had breached its duty to maintain its sidewalk in a reasonably safe condition.
Before trial, on the City's motion, the trial court ruled that the plaintiff's evidence as to the condition of the sidewalk and the City's maintenance of the sidewalk was geographically limited to the block where the plaintiff fell and temporally limited to the six months prior to the plaintiff's fall. At the close of the plaintiff's case, the trial court granted the City's motion for a directed verdict finding that the plaintiff had failed to present evidence of the City's actual or constructive knowledge of the sidewalk's condition. The plaintiff's appeal follows.
The plaintiff contends that the trial court erred by directing a verdict. We agree.
The general rule in Florida is that while a city is not an insurer of the motorist or the pedestrian who travels its streets and sidewalks, it is, of course, responsible for damages resulting from defects which have been in existence so long that they could have been discovered by the exercise of reasonable care, and repaired.
Leon v. City of Miami, 312 So.2d 518, 519 (Fla. 3d DCA 1975) (citations omitted).
At trial, the plaintiff presented evidence that the sidewalk on the block where the plaintiff fell was in "terrible condition" with several large areas of missing or broken tiles and that this condition had existed for at least six months prior to the plaintiff's fall. The plaintiff also presented evidence that the City conducted monthly inspections and that there was a lack of evidence that any repairs were done in the six months prior to her fall. This evidence when viewed in the light most favorable to the plaintiff is sufficient to establish that the defect in the sidewalk was in existence for so long that it should have been discovered *414 by the exercise of reasonable care and repaired. Leon, 312 So.2d at 519; Schutzer v. City of Miami, 105 So.2d 492, 494 (Fla. 3d DCA 1958). We, therefore, reverse the entry of the directed verdict and remand for a new trial.
Because a new trial will be required, we address the other issue raised by the plaintiff. Although a plaintiff may introduce evidence of prior accidents, maintenance, and conditions to show notice of an ongoing problem creating a dangerous condition, see Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983), review denied, 447 So.2d 889 (Fla.1984); Firth v. Marhoefer, 406 So.2d 521 (Fla. 4th DCA 1981), we find that the trial court acted within its discretion when it limited the plaintiff's evidence temporally to the six months prior to the accident and geographically to the block of sidewalk where the plaintiff fell. See Hyster Co. v. Stephens, 560 So.2d 1334 (Fla. 1st DCA)("The admission of evidence is a matter within the sound discretion of the trial judge ...."), review denied, 574 So.2d 141 (Fla.1990).
Affirmed, in part; reversed, in part, and remanded for a new trial.