# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3038
Lower Tribunal No. 13-8439

_____

## City of Miami,
Appellant,

vs.

## Facunda S. Navarro,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Victoria Méndez, City Attorney, John A. Greco, Deputy City Attorney, Richard Otruba, Senior Assistant City Attorney, and Forrest L. Andrews, Assistant City Attorney, for appellant.

Arnold R. Ginsberg; Robert Rossano, for appellee.

Before SUAREZ, C.J., and FERNANDEZ and LOGUE, JJ.

SUAREZ, C.J.

The City of Miami (the "City") appeals a final judgment entered on a jury

verdict finding the City negligent based on a raised brick paver in a sidewalk over

which Appellant Facunda S. Navarro tripped and fell. Ms. Navarro presented no evidence that the City had actual notice of the raised brick, and the photograph of the area introduced at trial in an attempt to prove constructive notice was legally insufficient to raise an inference as to the length of time the raised brick paver had existed. Therefore, we reverse.

This case arose when Ms. Navarro was injured after she tripped and fell over a raised brick while walking on a brick-paved sidewalk in the City of Miami. In order to maintain a prima facie case of negligence against the City, Ms. Navarro had to prove either that the City had actual knowledge of the sidewalk defect, of which there was no evidence, or constructive knowledge through some evidence that the sidewalk defect existed long enough that the City should have known of it. Leon v. City of Miami, 312 So. 2d 518, 519 (Fla. 3d DCA 1975). In an attempt to establish the City's negligence, Ms. Navarro relied upon a color photograph of the raised brick that she argued was sufficient, by itself, to infer that the defect had existed for a significant period of time to establish the City's constructive notice of the defect. Ms. Navarro did not provide any testimony as to the length of time it would take for a brick paver to raise up in the manner she claimed the photograph demonstrated.[1]

_____

[1] Appellant did provide some testimony regarding the sinking of brick pavers, but that was not pertinent to the question at issue. Likewise, Appellant's photographs of an entirely separate area of a nearby sidewalk were also not pertinent to the issue.

2

The trial court found that the photograph was legally sufficient and denied the City's motion for directed verdict, thus allowing the issue of whether the defect had existed for a sufficient length of time to go to the jury. This was error. The issue of whether a photograph alone is legally sufficient to show negligence through the passage of time was answered by the Supreme Court in Hannewacker v. City of Jacksonville Beach, 419 So. 2d 308 (Fla. 1982). There the Court stated:

> If the photograph portrays a condition that has some distinguishing feature which clearly shows that the defect has existed for a long period of time, it may afford the jury a basis to infer that a significant period of time has passed. If the photograph is ambiguous on this point and what is shown makes it questionable whether a significant period has passed, the jury would necessarily be required to indulge in speculation to determine the duration of the condition. In such a case the photograph without live testimony is insufficient. This is no different than if a witness testifies to the condition of a defect at the time of an accident and there are no distinguishing features or other testimony to indicate its duration. In such instance the trial judge is entitled to direct a verdict on the question of constructive notice. Since that is the law in effect for testimonial evidence, it should be the same when the witness is a photograph. But there are photographs which may constitute tangible evidence of the scene of an accident sufficient to raise an inference as to the length of time the defect was present. While this depends entirely on the condition sought to be depicted, the photograph must clearly demonstrate that a significant period of time has passed.

Id. at 311-12 (emphasis added).

The photograph provided by Ms. Navarro failed to satisfy the requirements of Hannewacker. While the photograph

3

did show a raised brick paver, that was all that it showed. There is nothing contained in the photograph itself that demonstrates, much less clearly demonstrates, the passage of any time relative to the raising of the brick. In order to arrive at the decision that a significant time had passed, the jury would have had to speculate about the duration of the condition. Such speculation is not permitted under Hannewacker. In the absence of any other evidence on that issue, the trial court should have directed a verdict in favor of the City. Reversed and remanded for entry of a directed verdict in favor of the City of Miami.

4