383 So.2d 945 (1980)
John NOLAN, Jr., and Allstate Insurance Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellants,
v.
Brenda ROBERTS, a Minor, by and through James R. Roberts, Appellee.
No. 78-1233.
District Court of Appeal of Florida, Fourth District.
May 14, 1980.
Rehearing Denied June 16, 1980.
Kirk Sullivan of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellants.
Larry Klein and Stuart E. Kocha, West Palm Beach, for appellee.
HERSEY, Judge.
Appellant, John Nolan, Jr., and his liability insurance carrier take this appeal from a Final Judgment rendered pursuant to a jury verdict awarding damages to the minor plaintiff, Brenda, and her father, James Roberts.
Approximately three years before the incident which resulted in this litigation Nolan planted several century plants in the front yard of his home. The record discloses that a century plant is similar to a Spanish bayonet with needle-like points at the end of each leaf. Nolan testified that on at least one occasion he had asked several neighborhood children not to play in his yard, but he had never warned them of the dangers of playing near the century plant. He had no specific recollection of ever having seen the minor plaintiff playing in his yard.
On the day of the accident, six-year old Brenda was walking her dog when it ran under a century plant on the Nolan property. Brenda knelt down and, upon arising, one of the needle-like points of the century plant pierced her eye causing partial loss of vision. The testimony discloses that she had been warned by her parents about the dangers of century plants, apparently because of the proximity between the Roberts' and Nolans' properties.
Brenda's mother testified as follows:
Q I understand that once or twice you saw them play on a bench near the driveway, right on the other side of the car and you warned Brenda to stay away from those plants because they had sharp points on them.
A The ones near the edge of the road. I didn't see the one that was back near the fence.
Q You warned both kids about those bushes that they might be harmful and had sharp points?
A Yes, I knew they had sharp points, the ones near the front of the yard.

*946 Q You told Brenda, and I guess both your children, to please not play close to the bushes?
A Yes.
Brenda's father testified to the same effect:
Q Do you recall on one or more occasion telling them to be careful of these plants that have been called Century plants or Spanish Bayonets or whatever they are?
A The plant on the west of the driveway where the bench was, they were doing somersaults and the forward momentum, they looked like they were coming close to it and I told them to be careful of that plant.
Q Because it had spines on it, right?
A Yes, sir, I told them to be careful of that plant, yes, sir.
It was also established that Nolan was aware of the dangerous character of the needle-like points.
The jury returned a special verdict finding that Nolan was sixty percent negligent, that Brenda was forty percent negligent and that Brenda's father was not negligent and awarded damages to Brenda and her father.
This appeal questions the propriety of the denial of appellants' motions for directed verdict made at the close of appellee's case and at the close of all of the evidence.
For determination by this Court are the following issues: (1) the nature and extent of the duty owed Brenda by Nolan, and (2) whether there was a breach of that duty which proximately caused Brenda's injury.
In the leading Florida case of Wood v. Camp, 284 So.2d 691 (Fla. 1973), the Supreme Court divided plaintiffs in cases of this nature into three categories: invitees, uninvited licensees and trespassers. Once an individual has been placed in the appropriate category, the duty of the property owner or possessor to that individual is established by definition.
Brenda was either a trespasser or an uninvited licensee. We note that she is referred to in Appellants' brief as belonging in the latter category. While some distinctions between these two categories may still exist (see Wood v. Camp, supra), the case at bar does not require that such a distinction be made since the duty owed, and consequently the result, would be the same. The owner or possessor of land owes to either a duty only to avoid willful or wanton harm to him and, upon discovery of his presence, to warn him of any known dangers which would not be open to his ordinary observation.
Brenda testified as follows on cross examination:
Q Brenda, before you hurt your eye do you remember your daddy and mommy both telling you to stay away from those bushes that they had sharp points?
A Yes.
Q You knew they had sharp points on them, didn't you?
A Yes.
Since Brenda knew of the danger, Nolan had no duty to warn her. Restatement of Torts, 2nd, § 342. Accordingly, there could be no breach of that duty and no negligence on the part of Nolan. The motion for directed verdict should therefore have been granted. We reverse and remand this cause to the trial court for the entry of a final judgment in favor of the defendants.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.