568 So.2d 1301 (1990)
Mary DAVIS, by and through Her Mother and Guardian, Thelma Davis, Appellants,
v.
CITY OF MIAMI, a Municipal Corporation and Political Subdivision of the State of Florida, Appellees.
No. 89-2722.
District Court of Appeal of Florida, Third District.
October 16, 1990.
*1302 Klemick & Gampel and Herman M. Klemick, Miami, for appellants.
Jorge L. Fernandez, City Atty., and Kathryn S. Pecko and Charles C. Mays, Asst. City Attys., for appellees.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
This is an appeal by the plaintiff Mary Davis, by and through her mother and guardian Thelma Davis, from an adverse final summary judgment entered in a negligence action; the subject action arose out of a criminal assault suffered by the plaintiff while walking in a park owned by the defendant City of Miami after the park was closed. We affirm based on the following briefly stated legal analysis.
First, the plaintiff was, as a matter of law, a licensee on the defendant's property at the time of the criminal assault, and, accordingly, the defendant owed a duty to the plaintiff not to willfully or wantonly injure her and to warn the latter of any dangerous conditions which were not open to ordinary observation. We reject the plaintiff's contention that a triable issue is presented on this record as to whether the plaintiff was an invitee at the time of the criminal assault sued upon. Wood v. Camp, 284 So.2d 691 (Fla. 1972); Libby v. West Coast Rock Co., 308 So.2d 602 (Fla. 2d DCA), cert. denied, 325 So.2d 6 (Fla. 1975).
Second, the defendant did not, as a matter of law, breach the above-stated duty to the plaintiff by failing to warn the plaintiff about the danger of criminal assaults in the park. This is so because the danger in question was an open and obvious danger in the indisputably high-crime area in which the park was located. Hall v. Holland, 47 So.2d 889, 891-92 (Fla. 1950); Nolan v. Roberts, 383 So.2d 945 (Fla. 4th DCA 1980), rev. denied, 401 So.2d 1338 (Fla. 1981); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979).
Affirmed.