PER CURIAM.
In the underlying action, John Allen Luke sought to recover for personal injuries arising out of an automobile collision. One theory of recovery against Fellsmere Water Control District was that the accident was caused by the District’s breach of its duty to remove overhanging tree branches and shrubbery on the public right-of-way where the accident occurred. Such removal, it was alleged, would have provided operators of motor vehicles with an unobstructed view. An agreement between the District and Indian River County becomes a factor in determining whether one of those two entities must ultimately bear the financial burden for Luke’s damages.
The trial court entered final summary judgment for the District (without elaborating on its reasoning). This was error. Luke was a public invitee on the right-of-way. See Post v. Lunney, 261 So.2d 146 (Fla.1972). See also Darley v. Marquee Enterprises, Inc., 565 So.2d 715 (Fla. 4th DCA 1990). In that capacity, either the District or the County had a duty to exercise reasonable care for his protection. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986). Thus, whether the District had such a duty and breached its duty, causing injuries to Luke, .is a genuine issue of material fact. While the existence of a duty is ordinarily a question of law for the court, the issue here is a question of fact, asking which defendant had the duty. The answer to that question requires an interpretation of the ambiguous agreement between the defendants; a factual determination that should not have been made by the trial court on summary judgment.
REVERSED AND REMANDED.
DELL, C.J., HERSEY, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.