687 So.2d 53 (1997)
Robert LANE and Kari Lane, Appellants,
v.
The Inter Vivos ESTATE OF Lawrence MORTON, Appellee.
No. 96-906.
District Court of Appeal of Florida, Third District.
January 29, 1997.
*54 Roy D. Wasson, Miami, for appellant.
Gaebe, Murphy, Mullen & Antonelli and David Kleinberg, Coral Gables, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
Robert and Kari Lane, plaintiffs below, appeal a final summary judgment entered in favor of the landowner, appellee Inter Vivos Estate of Lawrence Morton ("Estate") in their premise liability action below. The basis of this lawsuit is that Mr. Lane was criminally attacked by unknown assailants while riding his recreational vehicle on private property owned by the estate. He alleges that the Estate was negligent in failing to warn him of or provide adequate security against criminal attacks where its property was located adjacent to a known high crime area. We affirm the entry of summary judgment in the Estate's favor.
Based upon our review of the undisputed record, we first find Mr. Lane's status on the Estate's property at the time of the attack to be that of a "known trespasser," which essentially is the legal equivalent of an "uninvited licensee." Bishop v. First Nat'l Bank, Inc., 609 So.2d 722, 725 (Fla. 5th DCA 1992); Savignac v. Department of Transp., 406 So.2d 1143, 1146 (Fla. 2d DCA 1981), rev. denied, 413 So.2d 875 (Fla.1982). As such, the duty owed by the Estate to Mr. Lane was:
a duty to refrain from wanton negligence or willful misconduct which would injure him, to refrain from intentionally exposing him to danger, and to warn him of a defect or condition known to the landowners to be dangerous when such danger is not open to ordinary observation by the licensee.
Bishop, 609 So.2d at 725 (citing Post v. Lunney, 261 So.2d 146 (Fla.1972)).
As to the issue of whether the landowner breached this duty, we find that the record contains no evidence to create a triable issue as to whether the Estate committed any willful or wanton negligent act which facilitated the attack on Mr. Lane or whether the Estate intentionally exposed Mr. Lane to danger. There is no record evidence of any prior violent criminal attacks occurring on the Estate's property or that the Estate had reason to suspect the likelihood of this particular attack. See Bishop, 609 So.2d at 725-26; Drake v. Sun Bank & Trust Co., 377 So.2d 1013, 1015-16 (Fla. 2d DCA 1979). Nor was there any special relationship between the Estate and Mr. Lane. E.g., Drake, 377 So.2d at 1014.
Rather, the Lanes assert solely that this property was located adjacent to a known "high crime" area and as such, the Estate had a general duty to warn of this fact and/or provide adequate security on its premises. This argument, we think, brings this case squarely within this court's decision in Davis v. City of Miami, 568 So.2d 1301 (Fla. 3d DCA 1990) wherein we held as a matter of law that the danger of crime or criminal assaults is open and obvious, therefore, the City breached no duty to a licensee assaulted at its park when it failed to warn of the same. See also Smith v. Markowitz, 486 So.2d 11, 12 (Fla. 3d DCA) (no duty to warn licensee of open and obvious above-ground water pipe), rev. denied, 494 So.2d 1153 (Fla. 1986); Nolan v. Roberts, 383 So.2d 945, 946 (Fla. 4th DCA 1980) (no duty to warn child of sharp spines of a plant which is in plain view in the landowner's yard), rev. denied, 401 So.2d 1338 (Fla.1981).
Affirmed.