PER CURIAM.
The plaintiff, Walter Link, appeals from an adverse final summary judgment. We affirm.
On the day of the accident, Walter Link and his associates were hired to trim a tree on the property belonging to the neighbor of Lizet and Luis Gonzalez. The tree trimmers parked their pickup truck directly in front of the Gonzalezes’ home, half on the swale and half on the street. They unloaded their tree-trimming equipment, including a log from a previous job, and left the equipment on the swale. When the job was completed, they began re-loading the equipment onto the pickup truck. Link lifted the log, but the log’s weight threw him off balance and caused him to step backwards. When he did so, Link stepped into a hole in the swale and broke his leg.
Link filed a one-count complaint against Lizet and Luis Gonzalez alleging that they were negligent in maintaining the swale area *267 in front of their home and that such negligence caused his injuries. More specifically, the complaint alleged that the Gonzalezes had created a dangerous condition by negligently removing a tree.
Subsequently, the Gonzalezes moved for summary judgment on the basis that they were not the owners of the swale and that, therefore, they had no duty to maintain it, and alternatively, even if they had assumed a duty to maintain the swale, they did not breach that duty because Link’s presence was neither invited nor authorized and the condition was open to ordinary observation. In support of this motion, the Gonzalezes attached the affidavit of a land surveyor who swore that the swale was a public right-of-way and that it was not owned by the Gonza-lezes.
In opposition, Link filed the deposition of Luis Gonzalez who testified that during the six years that he had lived on the property, he had cut and watered the grass on the swale. He further explained that when the city removed a tree that had fallen during Hurricane Andrew, a three-foot-wide hole remained in the swale. Luis Gonzalez testified that he attempted to fix the hole by filling it with dirt and covering it with sod. Additionally, Link filed copies of photographs depicting the hole in the swale.
After hearing the arguments of counsel, the trial court granted summary judgment in favor of the Gonzalezes. Link’s appeal follows.
Link contends that the trial court erred by granting summary judgment in favor of the defendants because, although they were not the owners of the swale, they exercised control over the swale and gratuitously assumed the duty to repair the hole. We agree with the plaintiff that although the defendants did not own the swale, they did exercise control over the swale and that such activity may lead them to incur liability. See Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 974 (Fla. 1st DCA 1991)(“In general, a cause of action for premises liability does not hinge on legal title or ownership, but rather on the failure of the party who is in actual possession or control to perform its legal duty.”)(emphasis in original). However, our inquiry does not end there because such liability is also dependent upon a determination of the injured person’s status and the corresponding duty owed to someone with that status.
After reviewing the facts before us, we conclude that Link is, at best, an uninvited licensee. An “uninvited licensee” has been defined as “persons who choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances.” Wood v. Camp, 284 So.2d 691, 695 (Fla.1973). In the instant case, both Link and Luis Gonzalez’s depositions reveal that Link parked on the swale and emptied his equipment onto the swale without the Gonzalezes’ permission. Clearly, Link’s presence on the swale was without invitation from the Gonzalezes and for his own convenience in trimming the Gon-zalezes’ neighbor’s tree.
As an uninvited licensee, the duty owed by the Gonzalezes to Link is the same as that owed to a “known trespasser,”
a duty to refrain from wanton negligence or willful misconduct which would injure him, to refrain from intentionally exposing him to danger, and to warn him of a defect or condition known to the landowners to be dangerous when such danger is not open to ordinary observation.
Lane v. Estate of Morton, 687 So.2d 53, 54 (Fla. 3d DCA 1997).
In the instant case, the photos reveal that the hole was open to ordinary observation and that therefore, the Gonzalezes had no duty to warn Link, an uninvited licensee. Accordingly, summary judgment in favor of the Gonzalezes was appropriate as a matter of law.
Affirmed.