874 So.2d 639 (2004)
MIAMI-DADE COUNTY, Appellant,
v.
Eliodoro HOYOS and Aleida Hoyos, Appellees.
Nos. 3D03-1402, 3D03-601.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing Denied June 4, 2004.
Robert A. Ginsburg, County Attorney, and Eric K. Gressman, Assistant County Attorney, for appellant.
Robert Rubenstein, Miami, and Anthony J. Soto, for appellees.
Before GERSTEN, FLETCHER, and SHEPHERD, JJ.
FLETCHER, Judge.
Miami-Dade County appeals from an adverse judgment in an action for negligence, claiming failure to prove actual or constructive knowledge of the dangerous condition. We affirm.
On December 17, 1997, while walking in an alley frequently traveled by pedestrians behind the back entrance to a bank, Eliodoro Hoyos tripped and fell when his foot was caught by the edge of a manhole cover. At trial, Hoyos presented evidence that there was a defective ring in the manhole cover which caused it to protrude *640 7/16" from the ground, that the cover was discolored and rusted, and that the County was the only entity responsible for installation and maintenance of the manhole cover. According to the county's witness, the inner seal of the manhole cover had been repaired in 1995, and was found to be in need of repair in 1999. County records showed no other accidents occurring in the area prior to Hoyos' accident in 1997. The county claims the plaintiff failed to prove the county had actual or constructive knowledge of the dangerous condition.
In a claim for negligence against a local government for failure to keep its streets and walkways in a reasonably safe condition, a plaintiff must show that the local government knew, or had a reasonable cause to know, of the defective condition a sufficient length of time so that it could have been repaired. See e.g., Castano v. City of Miami, 840 So.2d 412 (Fla. 3d DCA 2003); Grier v. Metropolitan Dade County, 660 So.2d 273 (Fla. 3d DCA 1995). Generally, the issue of constructive notice is best left to a jury when there is evidence presented in support of the existence of such notice. Lisanti v. City of Port Richey, 787 So.2d 36 (Fla. 2d DCA 2001). We find the plaintiff's evidence herein sufficient to warrant submission of the issue to the jury. Accordingly, we affirm the judgment entered below.
GERSTEN, J., concurs.
SHEPHERD, Judge (dissenting).
I respectfully dissent.
The operative facts in this case are that Miami-Dade County repaired the manhole in question in 1995 and that the Plaintiff tripped and fell on December 17, 1997. The County had no actual notice of the condition prior to the accident. The later repair of the manhole shown in the County records is irrelevant to the issue of notice. Nor was it possible to attribute a length of time to the existence of the condition, from which an inference of constructive notice may perhaps have been drawn.
Where, as here, the record is devoid of any evidence of actual or constructive knowledge of the defect, the County cannot be found liable. San Miguel v. City of Miami, 760 So.2d 979 (Fla. 3d DCA 2000). A municipality is not an insurer of pedestrians traveling on its streets or sidewalks. Grier v. Metropolitan Dade County, 660 So.2d 273, 275 (Fla. 3d DCA 1995). I see no jury issue on the facts of this case and would therefore reverse the judgment rendered in favor of the Plaintiff/Appellee, with directions that judgment be entered for Defendant/Appellant Miami-Dade County.