909 So.2d 320 (2005)
FLAGSTAR COMPANIES, INC. and Denny's Inc., Appellants,
v.
Sherryl COLE-EHLINGER and Charles A. Ehlinger, Appellees.
No. 4D03-3248.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
Rehearing Denied September 19, 2005.
*321 Paul R. Regensdorf of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for appellants.
Richard B. Doyle, Jr., of Loughren & Doyle, P.A., Fort Lauderdale, for appellees.
STEVENSON, J.
While working as a waitress at a Denny's located on University Drive in Plantation, Florida, Sherryl Cole-Ehlinger fell and injured herself when she caught her heel on a kickplate, which had been installed to repair the base of the restaurant's salad bar. Cole-Ehlinger sued two corporate defendants, Denny's Inc. ("Denny's"), which was at the bottom of the corporate hierarchy, and Flagstar Companies, Inc. ("Flagstar"), which was at the top. A jury found in favor of Cole-Ehlinger with respect to the claims asserted against both defendants, awarding damages in excess of $550,000. Both defendants have appealed, asserting that the trial court should have granted their motions for directed verdict or, alternatively, for new trial. We reverse in part and affirm in part.

The Verdict Against Flagstar
Cole-Ehlinger sought to hold Flagstar responsible for her injuries by pleading and presenting two alternative theories: Flagstar was the owner/possessor of the University Drive premises or Flagstar undertook an obligation to maintain the University Drive premises and, in either case, breached its duty of care as a consequence of the negligent repair of the salad bar. Without distinguishing between the two theories, the jury returned a verdict in favor of Cole-Ehlinger and against Flagstar. Flagstar argues that, regardless of which theory the verdict is predicated upon, the trial court should have granted its motion for directed verdict or, failing that, its post-trial motion for new trial as the evidence does not support the verdict.
A trial court should grant a motion for directed verdict "only when the evidence shows that the jury could not reasonably differ as to the existence of a material fact." Union Carbide Corp. v. Kavanaugh, 879 So.2d 42, 44 (Fla. 4th DCA 2004). In determining whether such standard has been met "the court must evaluate the evidence in the light most favorable to the nonmoving party" and "[i]f different reasonable inferences may be drawn or *322 there is conflicting evidence, the case should be submitted to the jury." Id. On appeal, a ruling on a motion for directed verdict is reviewed de novo. See Tenny v. Allen, 858 So.2d 1192, 1195 (Fla. 5th DCA 2003). In this case, the trial court should have directed a verdict in favor of Flagstar.
With respect to the owner/possessor theory, Cole-Ehlinger points to the testimony of Frank Ruiz, a current facilities manager of "Flagstar Denny's," who testified that all of the Denny's corporate stores, including the one located on University Drive, are owned by Flagstar. Flagstar, on the other hand, points to (1) the testimony of corporate representatives to the effect that Denny's owned the actual restaurants and that there were two levels of corporations between Denny's and Flagstar and (2) the actual lease for the University Drive premises, which is between Luis Schwab, the owner, and Denny's, as lessee. The bottom line here is that a jury could not "reasonably differ" as to the issue of ownership/possession of the restaurant premises. Whatever the basis for Ruiz's belief that Flagstar owned the actual restaurants, such belief cannot prevail in the face of evidence regarding the actual corporate structure and demonstrating that Denny's actually leases the premises.
The negligent maintenance theory of liability turns upon the existence of evidence establishing that a Flagstar employee made the decision to repair the deteriorating salad bar door by installing a kick plate, rather than replacing the door, or that a Flagstar employee actually made the repair. The key to the existence of an employer/employee relationship is "the right to control the alleged employee." Sagarino v. Marriott Corp., 644 So.2d 162, 164 (Fla. 4th DCA 1994). There simply was no competent evidence establishing that the party responsible for the repair was controlled by or an employee of Flagstar.
The bulk of the evidence at trial was to the effect that anyone associated with the repair was a Denny's employee. Corporate representatives testified that any facilities superintendent or technicians were employed by Denny's and that Flagstar would have had no role in the operation or maintenance of a Denny's restaurant. Lowell Reese, employed as a facilities manager up until 1992 or 1993, confirmed this, testifying that maintenance staff and Richard Wolford were employed by Denny's. The only evidence suggesting that those individuals who actually repaired the salad bar or made decisions regarding the same were Flagstar employees came from Kenneth Rymut, the general manager of the University Drive Denny's. Rymut identified himself and his supervisors, Richard Wolford and Marilyn Costanza, who, according to Rymut, had final decision-making authority regarding repairs, as Flagstar employees.
Cole-Ehlinger suggests that, since there was contradictory evidence on the matter, the issue boils down to one of credibility and, thus, that the jury was free to accept Rymut's testimony over the other evidence. Credibility, however, is not the issue here as Rymut's testimony clearly reflects he had no factual basis for his belief that he and the others were Flagstar employees. Rather, Rymut simply believed that since Flagstar owned Denny's, any Denny's employee was also a Flagstar employee.

The Verdict Against Denny's
Cole-Ehlinger's negligence claim against Denny's was not predicated upon its role in the actual repair of the salad bar per se, but, instead, upon its failure to preserve records regarding those repairs. To prevail in a cause of action for spoliation *323 of evidence, the plaintiff must prove the following:
"(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages."
Martino v. Wal-Mart Stores, Inc., 835 So.2d 1251, 1253-54 (Fla. 4th DCA) (quoting Cont'l Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990)), review granted, 861 So.2d 430 (Fla.2003). On appeal, Denny's, like Flagstar, argues that, given the evidence at trial, the trial court should have granted its motion for directed verdict or, alternatively, its motion for new trial. In particular, Denny's focuses on the sufficiency and weight of the evidence offered to support a finding that it had a duty to preserve, which was triggered at a time when the records were in existence and, assuming such a duty, that Cole-Ehlinger's ability to prove her lawsuit was "significant[ly] impaired" and that there was a causal relationship between such inability/impairment and the destruction of the records. In this instance, we find that reasonable inferences from the evidence left the matter legally susceptible to a jury verdict for either side. Thus, we find that the issues in regard to the spoliation of evidence claim were properly left to, and resolved by, the jury.
AFFIRMED in part, REVERSED in part and REMANDED for entry of judgment in favor of Flagstar.
GROSS and HAZOURI, JJ., concur.