954 So.2d 45 (2007)
Joyce H. FREEMAN and William Freeman, Appellants,
v.
BELLSOUTH TELECOMMUNICATIONS, INC. and Panhandle Boring & Trenching, Inc., Appellees.
No. 1D06-2653.
District Court of Appeal of Florida, First District.
March 16, 2007.
Rehearing Denied April 23, 2007.
*46 Wm. Jemison Mims, Jr., Christopher M. Vlachos, and Troy A. Rafferty of Levin, Papantonio, Thomas, Mitchell, Echsner, & Proctor, P.A., Pensacola, for Appellants.
John R. Hargrove, W. Kent Brown, Paula J. Phillips, Mark R. Boyd, and Carol A. Gart of Gordon Hargrove & James, P.A., Fort Lauderdale, for Appellees.
PER CURIAM.
Appellants, Joyce and William Freeman, plaintiffs below, appeal a final judgment the trial court entered against them after granting the motion for directed verdict filed by appellee BellSouth Telecommunications, Inc. Because there was sufficient evidence to permit the jury to decide whether BellSouth was on constructive notice of the dangerous condition that resulted in the injury in this case, we reverse and remand with instructions to the circuit court to reinstate the verdict and enter final judgment for the Freemans.[1]
On January 3, 2000, after they finished exercising at an elementary school track, Joyce Freeman and her daughter were unable to start their car, so Mrs. Freeman began walking to a convenience store to call her husband for assistance. It was dark as she walked along a grassy right-of-way, and she fell into an open manhole containing about seven feet of water. She was briefly trapped in the water-filled lower chamber but was finally able to find the vertical tunnel and wedge herself into it with her head above water. She spent two hours in the hole, calling for help, until her husband and daughter found her and summoned the fire department to extract her from the hole.
A jury found Mrs. Freeman to have been 22 percent negligent and awarded her $149,587 and her husband $15,000. The jury found BellSouth, the owner of the manhole and the easement around it, to have been 78 percent negligent, and appellee Panhandle Boring & Trenching, Inc., which repaired and maintained BellSouth's manholes in Escambia County, not negligent. The trial court granted BellSouth's post-trial motion for directed verdict, concluding that the Freemans had failed to prove that BellSouth had constructive notice that the manhole cover had been removed, which was an essential element of the plaintiffs' case. This was error as a matter of law. See, e.g., Flagstar Co., Inc. v. Cole-Ehlinger, 909 So.2d 320, 322 (Fla. 4th DCA 2005) (observing that the standard of review of a ruling on a motion for directed verdict is de novo).
The trial court correctly found Joyce Freeman to be a public invitee on the right-of-way.[2]See Luke v. Indian River County, 639 So.2d 1093, 1094 (Fla. 4th DCA 1994). As such, BellSouth owed her a duty to maintain the premises in a reasonably safe condition, and to warn of any concealed peril that BellSouth should have known of through the exercise of reasonable care. BellSouth was required to eliminate any dangerous conditions of which it had actual or constructive notice. City of Milton v. Broxson, 514 So.2d 1116 (Fla. 1st DCA 1987). Constructive knowledge *47 may be proven by circumstantial evidence showing "defects which have been in existence so long that they could have been discovered by the exercise of reasonable care, and repaired." City of Jacksonville v. Foster, 41 So.2d 548, 549 (Fla.1949). Accord Castano v. City of Miami, 840 So.2d 412 (Fla. 3d DCA 2003).
The record discloses sufficient evidence that BellSouth had constructive notice that the manhole cover had been dislodged. It is evident from a photograph of the manhole area taken the night of Freeman's fall that the lid had been off for some time. The thick grass and weeds growing both over the edge of the cover where it lay dislodged, and down into the hole, are distinguishing features of the photograph that provided the jury with a basis for inferring that the cover had been off the hole for more than a brief period of time. See Hannewacker v. City of Jacksonville Beach, 419 So.2d 308, 311 (Fla. 1982); Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975).
Joyce Freeman testified that there were "vines" in the hole that she tried to use to pull herself out, but they did not support her weight. What in the dark may have appeared to be vines may have been the grass and weeds growing into the manhole that are evident in the photograph. Although BellSouth attempted to impeach Freeman by showing she had not mentioned "vines" in her deposition, Freeman's credibility was an issue for the jury. Anthony Kent, employee of Panhandle Boring, testified that he had been on two previous work orders to replace the displaced manhole cover at this same site. Although Panhandle Boring's Greg Jackson only produced one work order, from June 1998, when a bush hog had knocked the lid off, and Kent was unable to say when the other visit had occurred, Kent's credibility was also an issue for the jury. Mary Forrest of BellSouth testified that BellSouth had no policy or procedure for inspecting any of its 1800 manholes in the county.
This evidence combined to raise an issue of fact regarding whether the manhole cover had been off the manhole for a long enough time to put BellSouth on constructive notice of the need to take action. See, e.g., City of Tampa v. Johnson, 114 So.2d 807 (Fla. 2d DCA 1959) (affirming the trial court's denial of the city's motion for directed verdict, because the jury could reasonably have deduced that the worn condition of the manhole cover had existed for a long enough time as to charge the city with constructive notice); Miami-Dade County v. Hoyos, 874 So.2d 639, 640 (Fla. 3d DCA 2004) (affirming the trial court's denial of the county's motion for directed verdict, stating that whether the county had constructive notice of the defective manhole cover is "best left to a jury when there is evidence presented in support of the existence of such notice").
REVERSED and REMANDED.
BROWNING, C.J., WEBSTER, and PADOVANO, JJ., concur.
NOTES
[1] At oral argument, BellSouth stipulated that if this court were to reverse on appeal, BellSouth would abide by the original jury verdict and abandon its motion for remittitur.
[2] Section 334.03(23), Florida Statutes (2000), defines "road" as "a way open to travel by the public, including, but not limited to, a street, highway, or alley. The term includes associated sidewalks, the roadbed, [and] the right-of-way[.]"