971 So.2d 940 (2007)
Zenaide PORTO, Appellant,
v.
CARLYLE PLAZA, INC., Appellee.
No. 3D06-1633.
District Court of Appeal of Florida, Third District.
December 26, 2007.
*941 Billbrough & Marks and G. Bart Billbrough, Coral Gables, for appellant.
Isriel, Ponzoli, Keller & Simpson and John P. Keller, Miami, for appellee.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
SUAREZ, J.
Zenaide Porto ("Porto") appeals an adverse final summary judgment in favor of the Carlyle Plaza ("Carlyle") condominium on Miami Beach for injuries she sustained in a fall on the condominium's property. We affirm based upon our conclusion that Porto was an uninvited licensee when injured on Carlyle's property and Carlyle did not breach any duty of care owed to her.
On April 7, 2004, Porto was walking her dog on a leash on the public sidewalk. Porto left the sidewalk and went onto a grassy area on the side of Carlyle's driveway for the dog to "relieve itself." She walked on the grass, across the driveway and was walking back to the sidewalk when she tripped and fell over a piece of metal, adjacent to the public sidewalk and protruding from Carlyle's driveway. The piece of metal was part of a gate that had been removed from that location when another one was installed closer to the building by Carlyle several years prior to this incident. Porto sustained injuries and sued Carlyle for negligence. The trial court granted final summary judgment in favor of Carlyle finding that Carlyle did not breach any duty of care owed to Porto.
The duty of care owed by a landowner depends on the status of the entrant on the property. Lukancich v. City of Tampa, 583 So.2d 1070 (Fla. 2d DCA 1991). We find that, as a matter of law, based on these facts, Porto was an uninvited licensee upon the Carlyle property. It is undisputed she was taking her dog for a walk on the public sidewalk, traversed over Carlyle's property for her own purposes and, while returning to the sidewalk, tripped and fell over the metal on Carlyle's property adjacent to the sidewalk. Her presence on the property was solely for her own convenience without invitation expressed or implied by Carlyle. She, therefore, meets the definition of an uninvited licensee. Wood v. Camp, 284 So.2d 691 (Fla.1973) (defining an uninvited licensee as one who chooses to come upon the premises solely for his own convenience without either an expressed or implied invitation). The duty of care owed by a landowner to an uninvited licensee is to refrain from willful misconduct or wanton negligence, to warn of known dangers not open to ordinary observation, and to refrain from intentionally exposing the uninvited licensee to danger. See Lane v. Estate of Morton, 687 So.2d 53 (Fla. 3d DCA 1997); see also Barrio v. City of Miami Beach, 698 So.2d 1241 (Fla. 3d DCA 1997) (holding where material facts are not in dispute it is appropriate to determine legal status of visitor on property as a matter of law). See generally Restatement (Second) of Torts § 368, comment g.
We find that Carlyle did not breach any duty of care owed to Porto. Carlyle's conduct was neither willful, wantonly negligent, nor intentional in light of the unreasonable probability that a pedestrian such as Ms. Porto would cut across the grass and the private driveway of Carlyle, which was next to the public sidewalk, for her own unrelated-travel purpose of allowing *942 her dog to use the Carlyle premises to "relieve itself" during the walk. See Schroeder v. Grables Bakery, Inc., 149 So.2d 564 (Fla. 3d DCA 1963) (affirming defendant's summary judgment where licensee left sidewalk and tripped over scale two inches off of sidewalk on defendant's property).
For these reasons, we affirm the trial court's order granting final summary judgment in favor of Carlyle.
Affirmed.