DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENISE NICHOLSON,**
Appellant,

v.

**STONYBROOK APARTMENTS, LLC,** d/b/a **SUMMIT HOUSING PARTNERS, LLC,**
Appellee.

No. 4D12-4462

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502010CA028355MBAD.

Michael D. Brown of Brown & Associates, P.A., Riviera Beach, for appellant.

Daniel M. Schwarz and Scott A. Cole of Cole Scott & Kissane, P.A., Miami, for appellee Stonybrook Apartments, LLC.

DAMOORGIAN, C.J.

Appellant, Denise Nicholson, appeals the trial court's final judgment entered after a jury verdict in favor of Appellee, Stonybrook Apartments, LLC (the "Apartment Complex"). Appellant raises several issues on appeal, primarily challenging the trial court's conclusion that her status as an alleged trespasser at the Apartment Complex affected the duty of care the Apartment Complex owed her. We reject Appellant's arguments and affirm.

As an overview, Appellant was shot in the leg by a third-party while attending a party at the Apartment Complex's common area. Appellant sued the Apartment Complex for negligence, alleging that "it failed to maintain its premises in a safe condition and [failed] to provide adequate security on the property, at and during the time of [Appellant's] injury." In its defense, the Apartment Complex alleged that its duties to Appellant were very limited as she was a trespasser at the time she was shot. Appellant moved to exclude any evidence regarding her status as a

trespasser, arguing that her status to the land was irrelevant because her lawsuit was founded in ordinary negligence, not premises liability.

The trial court disagreed, ruling that Appellant's status to the land was relevant and pertinent to the duty owed to her by the Apartment Complex. Accordingly, the court instructed the jury that it must determine whether Appellant was an invitee or a trespasser. Considering the evidence, which included testimony from the Apartment Complex's former manager and a police officer that Appellant was repeatedly told she was not allowed at the Apartment Complex, the jury returned a defense verdict in which it found that Appellant was a trespasser at the time she was shot and that the Apartment Complex did not commit gross negligence.[1]

On appeal, Appellant argues that the trial court erred when it allowed the Apartment Complex to introduce evidence regarding Appellant's status as a trespasser and incorrectly included the question of whether Appellant was a trespasser on the verdict form.[2] Appellant maintains that her status was irrelevant as her lawsuit was based on principles of ordinary negligence rather than premises liability. As this issue concerns a matter of law, we review the trial court's determinations under the de novo standard of review. *Cassoutt v. Cessna Aircraft Co.*, 742 So. 2d 493, 495 (Fla. 1st DCA 1999).

### a.    Ordinary Negligence v. Premises Liability

In ordinary negligence cases, the defendant owes the plaintiff a duty of reasonable care, regardless of the relationship between the defendant and plaintiff. *See Fla. E. Coast Ry. Co. v. Southeast Bank, N.A.*, 585 So. 2d 314, 316 (Fla. 4th DCA 1991). However, in premises liability cases, the defendant's duty to the plaintiff is dependent on the plaintiff's status to the land. *Id.* Section 768.075 of the Florida Statutes provides that "[a] person or organization owning or controlling an interest in real property . . . is not liable for any civil damages for the death of or injury or damage to any discovered or undiscovered trespasser . . . ." § 768.075(2), Fla. Stat. (2013). However,

---

[1]    The Apartment Complex agreed to employ the slightly higher duty owed to a "discovered trespasser" as opposed to an "undiscovered trespasser," which was reflected in the jury instruction.

[2]    Appellant also argues that the court erred in denying her motion for directed verdict because there was insufficient evidence establishing she was a trespasser and that the court should have also instructed the jury on the elements of criminal trespass. We reject both of these arguments without further discussion.

To avoid liability to undiscovered trespassers, a person or organization owning or controlling an interest in real property must refrain from intentional misconduct that proximately causes injury to the undiscovered trespasser, but has no duty to warn of dangerous conditions. To avoid liability to discovered trespassers, a person or organization owning or controlling an interest in real property must refrain from gross negligence or intentional misconduct that proximately causes injury to the discovered trespasser, and must warn the trespasser of dangerous conditions that are known to the person or organization owning or controlling an interest in real property but that are not readily observable by others.

§ 768.075(3)(b), Fla. Stat. (2013). Put succinctly, in a premises liability case, the only duty a property owner owes to an undiscovered trespasser is to refrain from causing intentional harm, and the only duty it owes to a discovered or "known" trespasser is to refrain from gross negligence/intentional harm and to warn of known conditions that are not readily observable by others.

b.    **The Overlap**

There are certain scenarios where a property owner may be liable to a trespasser who is injured on its property under ordinary negligence and, therefore, the injured person's status as a trespasser is irrelevant. These scenarios arise when the trespasser is injured as a result of the landlord's active conduct as opposed to a condition of the premises. *Maldonado v. Jack M. Berry Grove Corp.*, 351 So. 2d 967, 968 (Fla. 1977). As we have explained:

Generally, the duty owed a trespasser with respect to hazardous conditions on the premises is to avoid willful and wanton injury to the person and, if the trespasser's presence is known, to warn of dangerous conditions not open to ordinary observation. However, where the tort-feasor's active negligent conduct, as opposed to a condition of the premises, is the claimed cause of injury in cases where the defendant knew, or constructively knew, of the trespasser's presence, the measure of care owed is that imposed generally in determining ordinary negligence.

*Fla. E. Coast Ry. Co.*, 585 So. 2d at 316.

Case law examples of such active conduct by the landowner include:

- Operating a train in a negligent fashion, *Id.*;

- Operating a mechanical hydraulic lifting device in a negligent fashion, *Maldonado*, 351 So. 2d at 968; and

- Starting a car after pouring gasoline in the carburetor, resulting in the car catching on fire, *Hix v. Billen*, 284 So. 2d 209 (Fla. 1973).

### c. Does Negligent Security Implicate Premises Liability or Ordinary Negligence?

No Florida court has considered whether negligent security cases are governed under standards of premises liability or ordinary negligence. However, there is a substantial body of case law supporting the conclusion that negligent security cases fall under the umbrella of premises liability.

The strongest case is *Lane v. Estate of Morton*, 687 So. 2d 53 (Fla. 3d DCA 1997). There, the plaintiff was attacked by an unknown third-party while riding a recreational vehicle on private property owned by the defendant. *Id.* at 54. The plaintiff sued the property owner for negligent security, and the property owner moved for summary judgment on the grounds that it owed the plaintiff a very limited duty since he was a trespasser. *Id.* The trial court granted the property owner's motion based on the plaintiff's status as a "known trespasser," and the Third District affirmed. *Id.* Thus, *Lane* stands for the proposition that a cause of action by a plaintiff against a land-owner for negligent security is limited by the plaintiff's relationship to the land.

In *Medina v. 187th Street Apartments, Ltd.*, 405 So. 2d 485 (Fla. 3d DCA 1981), the plaintiff sued an apartment complex for, among other things, failing to provide adequate security after the plaintiff was attacked by a third-party in the complex's parking lot. *Id.* at 485. At the close of the plaintiff's case, the trial court determined that the plaintiff was an invitee, but still granted a directed verdict in the defendant's favor based on its determination that the attack was not foreseeable. *Id.* at 486. On appeal, the Third District reversed, holding that there were disputed issues of fact regarding previous criminal activities at the complex, thus making the issue of foreseeability a jury question. *Id.* In reversing, the court affirmed the trial court's finding regarding the plaintiff's status as an invitee and the corresponding duty, thus implying that a plaintiff's status to the land is a necessary determination in a negligent security suit. *Id; see also*

*Barrio v. City of Miami Beach*, 698 So. 2d 1241, 1244 (Fla. 3d DCA 1997) (holding that duty owed by landowner to person injured by third-party criminal attack on property was dependent on the injured person's relationship to the property).

Indeed, even the case cited by Appellant in support of her position suggests that the landowner's duty in a negligent security case is dependent on the injured party's relationship to the land. In *Byers v. Radiant Group, LLC*, 966 So. 2d 506 (Fla. 2d DCA 2007), patrons of a gas station were severely injured after they got into an altercation with other patrons. *Id.* at 507. They sued the gas station for negligent security and the trial court granted summary judgment in favor of the gas station, finding that although the plaintiffs started off as invitees, once they instigated the altercation, they became trespassers. *Id.* at 508. Therefore, the trial court found that the gas station owed the plaintiffs a very limited duty, which it did not breach. *Id.* On appeal, the Second District reversed, but not because the court erroneously determined that the gas station's duty was limited by its relationship with the plaintiffs. *See id.* Rather, the Second District held that whether the plaintiffs' status changed from invitees to trespassers raised a question of fact, and accordingly, summary judgment was not appropriate. *Id.* at 510. Thus, *Byers* also stands for the proposition that a plaintiff's status to the land in a negligent security action matters.

Based on the foregoing, we take this opportunity to clarify that negligent security cases fall under the auspices of premises liability as opposed to ordinary negligence. In addition to the fact that there is case law supporting this conclusion, it also makes logical sense. Ordinary negligence involves active negligence – meaning the tort-feasor actually does something to harm the injured party, whereas premises liability involves passive negligence – meaning the tort-feasor's failure to do something to its property resulted in harm to the injured party. *See Hix*, 284 So. 2d at 210 ("There is a distinction to be noted between active, personal negligence on the part of a landowner and that negligence which is based upon a negligent condition of the premises."). As negligent security actions concern the landowner's <u>failure</u> to keep the premises safe and secure from foreseeable criminal activity, it follows that they fall under the umbrella of premises liability as opposed to ordinary negligence.

Further, in cases where a landowner is held to standards of ordinary negligence pertaining to a trespasser's injuries, the injuries have no real relationship to the premises. For example, in *Hix*, the car which caused injury to the plaintiff could have caused the same injuries if it was located

somewhere else.[3]  The same with the train in *Florida East Coast Railway Co.* and the hydraulic lifting machine in *Maldonado.*  In each of those cases, the landowner would have been just as liable had the injuries occurred off of their respective properties.  Here, had Appellant been shot one block from the Apartment Complex, she would have no basis for suing the Apartment Complex.  That her theory of liability is totally dependent on her being shot on the Apartment Complex's land illustrates that her suit is founded on principles of premises liability, not ordinary negligence.

Accordingly, we hold that the trial court did not err in allowing the jury to consider Appellant's status as a trespasser, and affirm its entry of final judgment in favor of the Apartment Complex following a jury verdict.

*Affirmed.*

CIKLIN and FORST, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

---

[3]  As noted by the *Hix* court: "[T]his action really has no relationship to defendant's Premises; that it merely happened that the car was located there instead of on the curb or in a parking lot or elsewhere."  284 So. 2d at 210.