DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MELANIE CHADWELL NORRIS,

Appellant,

v.

ALAN RODRIGUEZ and FLORA RODRIGUEZ,

Appellees.

No. 2D22-1457
_____

December 29, 2023

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh
Gaylord Moe, Judge.

Raymond N. Seaford of Law Office of Raymond N. Seaford, P.A., Tampa,
for Appellant.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami; Lara J. Edelstein of
Boyd & Jenerette, P.A., Boca Raton; and Amy Prevatt of Segundo Law
Group, St. Petersburg, for Appellees.

SMITH, Judge.

Melanie Chadwell Norris appeals the trial court's entry of final

summary judgment in favor of Alan Rodriguez[1] in this premise liability

action. Ms. Norris sustained injuries after she tripped and fell on the

_____

[1] The lawsuit also names Mr. Rodriguez's deceased wife, Flora
Rodriguez, as a party defendant.

elevated apron of Mr. Rodriguez's concrete driveway and claimed that she was a public invitee because she fell in the portion of the driveway located within a public right-of-way.[2]  Because the trial court properly categorized Ms. Norris as an uninvited licensee, to whom Mr. Rodriguez owed no duty to warn of open and obvious dangers, we affirm.

After returning home from a movie, Ms. Norris walked across the street from her boyfriend's house while her boyfriend got their dog for a walk.  This was at night, and it was dark outside.  After crossing the street, Ms. Norris attempted to cross over Mr. Rodriguez's property to access a public sidewalk.  She allegedly tripped over the corner of the apron of the driveway where the concrete was broken and raised and sustained injuries.  Ms. Norris sued Mr. Rodriguez for her injuries, alleging she was a public invitee on the property and that Mr. Rodriguez owed her a duty to warn of dangers that he knew or should have known about, and that he owed her a duty to use reasonable care in maintaining his property in a reasonably safe condition.  *See Freeman v. Bellsouth Telecomm., Inc.*, 954 So. 2d 45, 46 (Fla. 1st DCA 2007).

Both parties moved for summary judgment on liability, and the trial court granted final summary judgment in favor of Mr. Rodriguez, finding that Ms. Norris was "at best" an uninvited licensee when she entered Mr. Rodriguez's property as a matter of her own convenience to

---

[2] The parties dispute whether Mr. Rodriguez or Hillsborough County has ownership and control over the subject property where Ms. Norris tripped and fell.  There is, however, no dispute that Mr. Rodriguez obtained a permit to install the driveway.  Prior to the cross motions for summary judgment on liability, on October 6, 2021, the trial court entered an order denying Mr. Rodriguez's motion for summary judgment for lack of control over the property, finding that "there exists a genuine issue of material fact as to [Mr. Rodriguez's] ownership and control over the location on his driveway where the accident occurred."  This issue is not before us, and we need not resolve this issue in deciding this appeal.

access the sidewalk. *See Lukancich v. City of Tampa*, 583 So. 2d 1070, 1072 (Fla. 2d DCA 1991) ("An owner or controller of property must refrain from wanton negligence or wilful [sic] misconduct which would injure an uninvited licensee, must refrain from intentionally exposing the uninvited licensee to danger, and must warn an uninvited licensee of a defect or condition known to the owner or controller of the land when the danger is not open to ordinary observation by the licensee (citing *Collom v. Holton*, 449 So. 2d 1003, 1005 (Fla. 2d DCA 1984))).

We review the trial court's order granting final summary judgment de novo. *See Limones v. Sch. Dist. of Lee Cnty.*, 161 So. 3d 384, 390 (Fla. 2015). Under the new summary judgment rule, summary judgment may be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2021). The determination of Ms. Norris' status as a "public invitee" or "uninvited licensee" may be decided as a matter of law or by a jury depending upon the facts of the case. *See Wood v. Camp*, 284 So. 2d 691, 696 (Fla. 1973).

In Florida, the duty of care owed by a landowner is not a one-size-fits-all analysis and depends upon the "relationships involved between persons who come upon an owner's property." *Id.* at 695.

> Visitors upon the private property of others fall within one of three classifications: they are either trespassers, licensees, or invitees. The classification is important because it determines the duty of care owed the visitor by [t]he property owner or occupier. He must not wilfully [sic] and wantonly injure a trespasser; he must not wilfully [sic] and wantonly injury a licensee, or intentionally expose him to danger; and, where the visitor is an invitee, he must keep his property reasonably safe and protect the visitor from dangers of which he is, or should be aware.

*Post v. Lunney*, 261 So. 2d 146, 147 (Fla. 1972) (footnotes omitted).

3

Following *Post,* the supreme court in *Wood* reaffirmed the continuation of the category of licensees who are uninvited,

> that is, persons who choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances. We realize this very limited category seems to overlap with the trespasser but there can be narrow distinctions and we justify this narrow class of "uninvited licensee" on such basis.

*Wood,* 284 So. 2d at 695 (emphasis added) (expanding the class of invitees to include "licensees by invitation," and thereby eliminating "the distinction between commercial (business or public) visitors and social guests upon the premises, applying to both the single standard of reasonable care under the circumstances") (emphasis added). "*Wood* controls the liability of a landowner for injuries arising out of a defect in the premises." *Maldanado v. Jack M. Berry Grove Corp.,* 351 So. 2d 967, 968 (Fla. 1977) ("Only when liability is predicated upon an alleged defective or dangerous condition of the premises is the injured person's status relevant.").

Based upon *Post* and *Wood,* an "invitee" falls into two classifications: a "public invitee," or a "licensee by invitation."[3] *Bishop v. First Nat'l Bank of Fla., Inc.,* 609 So. 2d 722, 724 (Fla. 5th DCA 1992). The "public invitee"—relevant here—"is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." *Post,* 261 So. 2d at 148 (quoting Restatement (Second) of Torts § 332 (1965)). The duty owed to a "public

---

[3] A "licensee by invitation" is a guest, either invited by express invitation or a reasonably implied invitation, invited to come upon the property of another and includes both social and business guests. *Wood,* 284 So. 2d at 695. The record establishes that Ms. Norris cannot be considered a "licensee by invitation" because she was neither expressly nor implicitly invited to come onto Mr. Rodriguez's property.

4

invitee" is "a duty to maintain the premises in a reasonably safe condition, and to warn of any concealed peril" that the owner or occupier "should have known through the exercise of reasonable care." *Freeman*, 954 So. 2d at 46.

Whereas the narrow category of an "uninvited licensee is neither an invitee nor a trespasser, but rather, a legal status between whose presence is neither sought nor forbidden, but merely permitted or tolerated by the landowner." *Bishop*, 609 So. 2d at 725. The duty owed to an uninvited licensee correlates to the relaxed and tolerated relationship between the landowner and an uninvited licensee and is lessened to "a duty to refrain from wanton negligence or willful misconduct which would injure him, to refrain from intentionally exposing him to danger, and to warn him of a defect or condition known to the landowners to be dangerous when such danger is not open to ordinary observation by the licensee." *Id.*

In the instant case, Ms. Norris attempted to cut across Mr. Rodriguez's driveway for her own fancy—to reach the public sidewalk to walk her dog. Though Ms. Norris argues that she fell in the area of the driveway that was located within the county right-of-way on route to the public sidewalk, there was no evidence that Mr. Rodriguez held his property open to the public. *Cf. Libby v. West Coast Rock Co., Inc.*, 308 So. 2d 602, 604 (Fla. 2d DCA 1975) (holding that where the landowner removed barricades and warning signs of rock pits on the property knowing that young people used the property as a "lover's lane," the plaintiff who drowned would not be elevated from an uninvited licensee to that of an invitee based upon assertion that the landowner impliedly invited the plaintiff as a member of the public). We find no merit in the argument by Ms. Norris that because Mr. Rodriguez obtained a county

permit to install the driveway, a portion of which was within the county right-of-way, this equated an implied invitation for the public to use his driveway. Indeed, the cases advanced by Ms. Norris do not stretch to support this theory. *See Lee Cnty. DOT v. Island Water Ass'n*, 218 So. 3d 974, 978-79 (Fla. 2d DCA 2017) (holding that the water utility company owed a legal duty to the public to correct or warn of the protruding valve in the county public roadway); *Freeman*, 954 So. 2d at 46 (holding that the trial court properly determined the plaintiff was a public invitee where the plaintiff walked along a grassy right-of-way and fell into a manhole owned by BellSouth). Therefore, it follows that Ms. Norris cannot be classified as a "public invitee."

But Ms. Norris <u>does</u> meet the definition of an "uninvited licensee" where her "presence [was] neither sought nor forbidden, but merely permitted or tolerated." *See Bishop*, 609 So. 2d at 725; *see also Porto v. Carlyle Plaza, Inc.*, 971 So. 2d 940, 941-42 (Fla. 3d DCA 2007) (holding that a pedestrian who "cut across the grass and private driveway of [the defendant], which was next to the public sidewalk, for her own unrelated-travel purpose of allowing her dog to use the [defendant's] premises to 'relieve itself' during the walk" was an uninvited licensee); *Schroeder v. Grables Bakery, Inc.*, 149 So. 2d 564, 565 (Fla. 3d DCA 1963) ("It does not appear that public policy requires establishing a rule in Florida that property owners are liable for reasonably foreseeable injuries to the traveling public who may stray from an adjacent public way since to do so would in effect extend the same rule of liability to the trespasser and the licensee as is now extended to invitees.").

Here, the trial court properly granted summary judgment in favor of Mr. Rodriguez determining that Ms. Norris' status should not be elevated from an uninvited licensee to a public invitee where the

undisputed facts establish that she cut across Mr. Rodriguez's property solely for her own convenience in route to the public sidewalk. And while she was on the driveway apron allegedly located within the county right-of-way, this property was not held open to the public.

As an uninvited licensee, Mr. Rodriguez owed Ms. Norris a duty "to refrain from willful misconduct or wanton negligence . . . and to refrain from intentionally exposing [Ms. Norris] to danger"—there is no evidence that Mr. Rodriguez breached these duties in the present case. *See Porto*, 971 So. 2d at 941. Furthermore, Mr. Rodriguez only has a duty to warn an uninvited licensee, like Ms. Norris, of dangers that are not "open to ordinary observation by the licensee." *Lane v. Estate of Morton*, 687 So. 2d 53, 54 (Fla. 3d DCA 1997) (quoting *Bishop*, 609 So. 2d at 725). Based upon our review of the summary judgment record evidence, which includes several photographs showing the elevated and broken condition of the corner of the apron of the concrete driveway, the trial court did not err in determining that the condition of the driveway was open and obvious, relieving Mr. Rodriguez of any duty to warn an uninvited licensee of the open and obvious danger of the driveway. *See Hall v. Holland*, 47 So. 2d 889, 891-92 (Fla. 1950) (explaining that an "owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses, and is not required to give to the invitee notice or warning of an obvious danger"); *see also Adair v. The Island Club*, 225 So. 2d 541, 543 (Fla. 2d DCA 1969) (applying the open and obvious danger rule to licensees). Accordingly, there being no genuine dispute as to any material fact, Mr. Rodriguez was entitled to judgment as a matter of law.

Affirmed.

NORTHCUTT, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.

_____

Opinion subject to revision prior to official publication.