# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2079
Lower Tribunal No. 20-14464-CA-01
_____

**Miami-Dade County**,
Appellant,

vs.

**Michelle Martin,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Richard Schevis, Assistant County Attorney, for appellant.

William C. Robinson, for appellee.

Before LINDSEY, GORDO and GOODEN, JJ.

GORDO, J.

Miami-Dade County ("County") appeals a final judgment entered in favor of Michelle Martin ("Martin"), as well as an order denying its post-trial motion to set aside the verdict and enter judgment in accordance with its prior motion for directed verdict or, alternatively, for a new trial ("post-trial motion"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand with instructions.

## I.

On May 24, 2019, Martin and three friends were walking home from a dinner party in downtown Miami. During the walk, Martin stepped into and fell through an uncovered County-owned water meter box. She did not take any photographs the night of the incident and went to the emergency room the following morning for treatment.

On May 26, 2019, Martin returned to the site and took a photograph of the water meter box, which was then covered and cracked. In July 2019, Martin again returned to the site, removed the cover and took several photographs of the water meter box, one of which shows brown leaves inside. There was no evidence indicating when or how the leaves entered the water meter box.

A year later, Martin filed the underlying action against the County for negligently maintaining the water meter cover. Before trial, the County filed

2

a motion in limine to exclude the July photographs.  The court granted the motion in part but admitted the photograph showing the brown leaves.

At trial,[1] Martin called the Water and Sewer Department's customer service manager, who testified that meter readers are trained to inspect the boxes they service.  She also called two water meter readers—one testified he typically read between 60 and 800 meters per day, while the other testified he read between 300 and 500 meters daily.  She further presented the testimony of the chief of water meter installation for the Miami-Dade Water and Sewer Department, who testified there were no records of complaints, repairs, or inspections for the subject meter box before her accident.

At the close of Martin's case, the County moved for a directed verdict, arguing that Martin failed to present sufficient evidence showing the County had actual or constructive notice of the missing cover and that her claims were based on improper inference stacking.  The trial court denied the motion.

During its case-in-chief, the County called a claims administrator and a customer service representative from the Water and Sewer Department. The administrator—who handles claims and inspects water meter boxes—

---

[1]  Martin testified on her own behalf but did not call any of her friends as witnesses.

testified that water meter boxes often contain leaves, which can enter through the sides of the lids when the lid is properly on or when the cover is removed. The customer service representative testified that monthly and quarterly reports for the water meters in the area of the incident showed no missing covers prior to the event.[2]

At the close of its case, the County renewed its motion for a directed verdict. The trial court granted the motion in part, finding no evidence of actual notice but denied it as to constructive notice. The jury ultimately found in Martin's favor and awarded her $200,000.[3]

Following the verdict, the County filed its post-trial motion, again asserting that Martin had failed to present sufficient evidence that it had constructive notice of the uncovered water meter box that caused her fall. The trial court denied the motion. This appeal followed.

## II.

"An order on a motion for directed verdict and for judgment notwithstanding the verdict is reviewed de novo." Hernandez v. Mishali, 319 So. 3d 753, 757 (Fla. 3d DCA 2021).

---

[2] On cross-examination, the representative acknowledged the reports did not include the specific meter boxes where the incident occurred.
[3] The jury found Martin 10% at fault.

4

**III.**

The County argues the trial court erred in denying its post-trial motion because the evidence presented at trial was insufficient to support a finding of constructive notice without relying on improper inference stacking. We agree.

"In order for a plaintiff to recover for injuries received in a slip and fall, the plaintiff must show that the defendant responsible for the premises had actual or constructive notice of the dangerous condition." Wilson-Greene v. City of Miami, 208 So. 3d 1271, 1274 (Fla. 3d DCA 2017) (quoting Maryland Maint. Serv., Inc. v. Palmieri, 559 So. 2d 74, 76 (Fla. 3d DCA 1990)). "Constructive notice may be shown by presenting evidence that the condition existed for **such a length of time** that in exercise of ordinary care, the defendant should have known of the condition, or by showing that the condition [sic] occurred with **regularity** and, consequently, was foreseeable." Id. at 1274-75 (emphasis added).

Here, Martin concedes the County did not have actual notice of the condition that caused her fall. With respect to constructive notice, she asserts that such notice was established by the July photograph—taken two months after the incident—depicting brown leaves inside the water meter box. This photograph alone provides no evidence that the alleged

5

condition—a missing water meter cover—existed for a sufficient length of time before Martin's fall without relying on impermissible stacking of inferences. In order to conclude that the County had constructive notice of a possible missing water meter cover before Martin's accident, the jury would need to draw, at a minimum, the following inferences: (1) the leaves shown in the July photograph entered the water meter box while the cover was missing; (2) the leaves were initially green when they entered the box; (3) the leaves did not enter the box when the lid was on; (4) the leaves entered the box prior to Martin's fall; (5) the leaves were inside the box at the time of the fall; and (6) a reasonably diligent inspection by the County would have revealed the missing cover before the accident occurred. This is an impermissible stacking of inference upon inference, which cannot be relied upon to establish constructive notice. See Tallahassee Med. Ctr., Inc. v. Kemp, 324 So. 3d 14, 16-17 (Fla. 1st DCA 2021) ("Plaintiffs may not stack inferences upon a debatable inference drawn from circumstantial evidence. Instead, a directed verdict should issue for a defendant if a plaintiff relies upon circumstantial evidence to establish a fact, fails to do so to the exclusion of all other reasonable inferences, but then stacks further inferences upon it to establish [negligence]. This rule against stacking inferences protects litigants from verdicts based on conjecture and

6

speculation. Based on the evidence in this case, the jury would have had to rely on improperly stacked inferences to find the Medical Center negligent." (internal quotation marks and citations omitted)).

While Martin cites internal County policies requiring inspection of water meter boxes, she offered no evidence regarding how long the defective condition—the missing water meter cover—existed prior to her fall. Leaves found months later do not establish they were present at the time of her fall so as to place the County on notice that the condition had existed for a "sufficient length of time." Because Martin presented no evidence in support of the existence of constructive notice to warrant submission of the issue to the jury, we find the trial court erred in denying the County's motion for directed verdict. See Nielsen v. City of Sarasota, 117 So. 2d 731, 733 (Fla. 1960) ("[I]f a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences."); see also Miami-Dade Cnty. v. Hoyos, 874 So. 2d 639, 640 (Fla. 3d DCA 2004) ("In a claim for negligence against a local government for failure to keep its streets and walkways in a reasonably safe condition, a plaintiff must show that the local government

7

knew, or had a reasonable cause to know, of the defective condition a sufficient length of time so that it could have been repaired. Generally, the issue of constructive notice is best left to a jury when there is evidence presented in support of the existence of such notice. We find the plaintiff's evidence herein sufficient to warrant submission of the issue to the jury."); Grier v. Metro. Dade Cnty., 660 So. 2d 273, 275 (Fla. 3d DCA 1995) ("While the County is responsible for damages resulting from a defect which has been in existence for so long that a reasonable inspection would reveal it, the County is entitled to [a] judgment where it has no actual or constructive notice of the defect.").[4]

Accordingly, we reverse the final judgment under review and remand with instructions for the trial court to enter judgment in favor of the County.

Reversed and remanded with instructions.

---

[4] To the extent Martin argues that problems with meter box lids occurred with "regularity" and were therefore foreseeable, the water meter reader she called provided unrefuted testimony that he "rarely" encountered a water meter box with a missing lid. There was no evidence at trial suggesting that missing lids were a routine or recurring issue.

8